Town of Vestal, Plaintiff, *v.* Lewis Bennett et al., Defendants.

Supreme Court, Broome County, June 30, 1950.

*John D. Smith* for plaintiff.

*John J. Dapolito* for defendants.

WILLIAM F. SANTRY, Official Referee. This is an action to restrain the defendants from continuing the operation of a junk yard in the town of Vestal, Broome County, New York.

The material facts are not in dispute. For about ten years last past the defendants have continuously operated and conducted a junk business on land owned by them in said town. The premises on which the junk yard is located is a triangular piece of land adjacent to two intersecting highways. A part of the land is several feet below the level of one of the highways.

The town board of the town of Vestal, pursuant to the provisions of section 136 of the Town Law, duly enacted an ordinance regulating junk dealers in said town. The effective date of such ordinance was April 16, 1947. Paragraph (a) of subdivision (4) of said ordinance provides as follows: " That all premises in the Town of Vestal used in connection with the business of buying, selling and dealing in junk, as above set forth, shall be either in an enclosed building or shall be enclosed with a solid board fence at least six feet high on all sides and at least six feet high above the grade level of the street or streets adjoining the premises on the side adjoining such street or streets to be erected and maintained under the direction and supervision of the Town Superintendent of Highways ".

The defendants failed to erect any fence around their junk yard and failed to conduct their business in an enclosed building but have continued to operate their business in an open lot. They have been operating without a license because of such failure to conform to the requirements of said paragraph (a) of subdivision (4) and the plaintiff is seeking in this action to restrain them from continuing business solely on the ground of such noncompliance.

The defendants contend that the provisions of paragraph (a) of subdivision (4) of said ordinance are capricious, unreasonable, arbitrary and oppressive, that the enactment of these provisions were beyond the powers of the town board and that the whole paragraph (a) of subdivision (4) is unconstitutional and void.

There is no doubt that a municipality has the constitutional power to adopt ordinances to regulate the conduct of a junk business in respect to matters that affect the public health,

morals, safety and general welfare. It may prohibit conduct and practices that injuriously offend public morals, or jeopardize the health and safety of the public. (*People* v. *American Wool Stock Corp.,* 286 N. Y. 77.)

Such regulations, however, must be reasonable and bear a reasonable relation to the protection of such public morals, health or general welfare.

" A statute cannot, under the guise of the police power, but really to affect some purpose not within such power, arbitrarily interfere with a person or a property right ". (*People* v. *Ringe,* 197 N. Y. 143, 149.)

It is difficult to imagine what danger to public health, morals or safety exists in connection with the operation of a junk yard on an unenclosed lot that could be removed or prevented by the erection of a solid board fence six feet high. Certainly there is nothing immoral about a junk yard. Neither does it constitute any menace to public health or if, by reason of unsanitary conditions being permitted, it should become such a menace, putting a board fence around it would not be a reasonable solution of the problem. No danger to public safety is apparent except perhaps that materials from the yard might find their way onto the highway if piled too close, but to prevent this a solid board fence would not be required as was pointed out in the case of the *City of New Orleans* v. *Southern Auto Wreckers* (193 La. 895).

It clearly appears from a reading of the ordinance and from the testimony presented at the trial that the sole purpose of the provisions of the ordinance involved here is to hide an unsightly premises from the view of persons traveling along the adjacent highways. The question squarely presented here is whether the provisions of paragraph (a) of subdivision (4) can be upheld as a regulation in the interest of public welfare based on aesthetic considerations.

The premises of the defendants and the junk stored thereon present a very unsightly picture. Various articles of old metal, wrecked automobiles and miscellaneous items of junk are scattered around the lot. All this is clearly visible from two heavily travelled highways. None of the junk appears to encroach on the highways.

My attention has not been called to any case nor has my own search disclosed any case which has squarely decided whether aesthetic considerations alone would be sufficient to warrant regulation or restriction.

The consensus of judicial opinion both in this State and in other jurisdictions seems to go no farther than to hold that aesthetic consideration may be regarded in connection with recognized police power considerations and if the latter are sufficiently present, the fact that considerations of an aesthetic nature entered into the reasons for the regulation will not render it invalid. (*People* v. *Gerus*, 69 N. Y. S. 2d. 283; *State* v. *Kievman*, 116 Conn. 458; *City of New Orleans* v. *Southern Auto Wreckers*, 193 La. 895, *supra; Welch* v. *Swasey*, 214 U. S. 91.)

The aesthetic considerations on which the regulations in this case are based are not sufficient to uphold their legality as a reasonable exercise of the police power.

We are dealing here not with a zoning ordinance but with a regulatory measure applicable to the entire town of Vestal. No matter where a junk yard may be located in the town, even if in some isolated locality away from a highway and from the view of the public, the premises would have to be enclosed on all sides by a solid board fence six feet high. In such a case aesthetic considerations would lose their force and the requirements of the ordinance would be unreasonable from any sound viewpoint.

" The constitutional validity of law is to be tested, not by what has been done under it, but what may, by its authority, be done ". (*Stuart* v. *Palmer*, 74 N. Y. 183, 188.)

The enactment of paragraph (a) of subdivision (4) of the ordinance set forth in the complaint was not within the power of the town board of the town of Vestal and that portion of the said ordinance is unconstitutional and void.

The defendants are entitled to a judgment dismissing the complaint with costs.

Judgment is directed accordingly.