WALTER H. RUTH, Doing Business as RUTH OUTDOOR ADVERTISING Co., Plaintiff, *v.* INCORPORATED VILLAGE OF COLONIE, Defendant.

Supreme Court, Special Term, Albany County, July 7, 1950.

*Isador Taub* for plaintiff.

*George L. Sabey, Jr.,* for defendant.

BOOKSTEIN, J. This is a motion for judgment on the pleadings in an action to declare void a local ordinance of the Village of Colonie, to wit, section 20 of article III of the Ordinances of the Village of Colonie.

The ordinance, with certain minor exceptions, purports to prohibit absolutely the erection within the village of Colonie of any advertisements in the form of a bill or sign.

Plaintiff maintains a billboard or billboards within the territorial limits of the village of Colonie and after the enactment of said ordinance was arrested, charged with a violation thereof.

A municipal corporation possesses only those powers which have been delegated to it by the State Legislature. (*Matter of McAneny* v. *Board of Estimate,* 232 N. Y. 377.) In the case of this defendant such powers are to be found in the Village Law.

Defendant claims that it is empowered to adopt the ordinance in question by subdivisions 34, 44, 47 and 59 of section 89 and section 90 of the Village Law.

Subdivision 47 of section 89 deals exclusively with billboards and provides that the board of trustees of a village " May regulate and control the erection, construction and use *in, upon and near streets and other public places of billboards* and other advertising media ". (Italics supplied.)

The ordinance in question makes no pretense at the exercise of the power thus conferred. Instead, it absolutely prohibits the erection of a billboard anywhere within the village limits,

even though such billboard be on private property remote from any street or public place. Certainly, subdivision 47 confers no such power.

Subdivision 34 of section 89 of the Village Law, under which defendant seeks to justify the validity of the ordinance in question, deals with " removal of fire hazards and health hazards " and provides that " the board of trustees may enact any such further ordinances as may be deemed necessary to protect property or life from fire hazards or health hazards ".

The ordinance in question cannot be sustained as an exercise of the power conferred by that subdivision, as it prohibits all billboards, without any relation whatsoever to whether they constitute fire or health hazards.

Subdivision 44 of section 89 deals with the use of streets and sidewalks generally and authorizes ordinances *prohibiting the use of streets for signs.* The ordinance in question does not attempt to do that but instead prohibits the use of private property for signs and cannot be sustained under that subdivision of section 89 of the Village Law.

Nor does subdivision 59 of section 89 of the Village Law dealing with the promotion of public welfare authorize the adoption of the ordinance in question, since that subdivision authorizes the enactment of ordinances, not inconsistent with existing law. The ordinance in question is inconsistent with the express and limited power given to the village with reference to billboards by subdivision 47. What has been said with relation to subdivision 59 of section 89 applies with equal force to section 90.

An ordinance substantially similar to one here under attack was passed by the common council of the city of Troy. It prohibited the erection of billboards within the city limits of the city of Troy. The Court of Appeals in *Matter of Mid-State Adv. Corp.* v. *Bond* (274 N. Y. 82) held that such an ordinance constitutes an unauthorized prohibition of the use of private property in violation of the State and Federal Constitutions (N. Y. Const., art. I, § 6; U. S. Const., 14th Amendt. § 1).

That determination is decisive of the question posed in this case.

Plaintiff's motion for judgment on the pleadings, declaring the ordinance void, is granted.