Rockingham,
No. 4904.

ROBERT MASON *v.* SALEM.

Argued December 7, 1960.
Decided January 20, 1961.

*John B. Ford* (by brief and orally), for the plaintiff.

*Perkins, Holland & Donovan* (*Mr. Donovan* orally), for the defendant.

KENISON, C. J. As a preliminary matter in the interest of clarity it should be noted that this case raises no question as to the constitutional validity of Sunday laws and ordinances under the Constitution of the United States or of this state. The former may be resolved in the four cases from Maryland, Massachusetts and Pennsylvania which have been argued and are now pending in the Supreme Court of the United States. No. 8 *McGowan* v. *Maryland;* No. 11 *Gallagher* v. *Crown Kosher Super Market;* No. 36 *Two Guys From Harrison-Allentown Inc.* v. *McGinley;* No. 67 *Braunfeld* v. *Gibbons.* See 29 U. S. Law Week 3173-3177 (1960); note, State Sunday Laws and the Religious Guarantees of the Federal Constitution, 73 Harv. L. Rev. 729 (1960). The latter awaits another case on another day. See note, Sunday Blue Laws: A New Battle on an Old Front, 11 Syracuse L. Rev. 254 (1960).

At issue in this case is the question whether it is lawful to sell, at retail, fresh meat and canned goods on Sunday. The defendant contends that such sales are prohibited by the amended ordinance

since neither fresh meat nor canned goods are "fully prepared for consumption in perishable form," as required by the ordinance. The plaintiff contends that the amended ordinance was not duly enacted under the controlling statute.

The prohibition of Sunday sales in RSA 578:4 with certain exceptions is also modified by RSA 578:5 the pertinent part of which reads as follows: "Nothing in this chapter shall prevent the selectmen of any town . . . from adopting . . . ordinances permitting and regulating retail business . . . on the Lord's Day, provided such . . . ordinances are approved by a majority vote of the legal voters present and voting at the *next regular election* . . . . " (Emphasis supplied). A regular election in common parlance is an election that is regularly and recurrently held. *Robb* v. *Tacoma,* 175 Wash. 580; *State* v. *Nebraska City,* 123 Neb. 614. The amended ordinance was adopted at a special meeting held on November 4, 1960. As is well known in legislative halls, a special meeting does not qualify as either a regular meeting or a regular election (RSA 21:7) unless the context clearly compels that conclusion which is not the situation here. This construction is fortified by the legislative history of this statute. The original enactment (Laws 1931, *c.* 155) specifically provided that a Sunday ordinance must be adopted at the next regular election but contained a further proviso that such an ordinance could be rescinded at any regular or special election. This proviso was eliminated in R. L., *c.* 448, *s.* 5 and no reference to special meetings or elections has appeared in subsequent legislation relating to Sunday ordinances. Laws 1943, *c.* 49; RSA 578:5. It follows that this Sunday ordinance was not approved at the "next regular election" as required by RSA 578:5 and was not validly enacted.

There is a further reason why the ordinance was not properly adopted. It was adopted by the selectmen after rather than before its approval by the voters. Presumably the Legislature deemed it wise to place the initial responsibility with the selectmen and their approval was a condition precedent to its subsequent adoption by the voters. When the Legislature has desired that regulations by selectmen shall be immediately effective until approved or rescinded by the voters, they have usually made explicit provision therefor. See RSA 31:41, 42 regulating open-air motion picture theaters.

Although the ordinance adopted November 4, 1960 is of no effect, it may be resubmitted to the voters at the "next regular election" which would be the annual town meeting held "annually on the

second Tuesday of March." RSA 39:1. See also, RSA 21:7. Consequently we consider the further contention of the plaintiff that as a matter of law the sale of fresh meat and canned goods is permitted because they are "other necessaries of life" as that phrase is used in RSA 578:4. The pertinent part of that statute reads as follows: "No person shall . . . sell . . . any merchandise whatever on the Lord's Day; but this section shall not be construed to prevent . . . the sale of milk, bread, and *other necessaries of life,* nor of drugs and medicines." (Emphasis supplied).

The phrase "other necessaries of life" may be difficult of definition but it is clear that it was intended to include items in addition to bread and milk. The sale of fresh meat, baby foods, canned goods and staple food items which are not in the exotic class are "other necessaries of life" within the meaning of RSA 578:4. Consequently it follows that the plaintiff is not prohibited from selling fresh meat and canned goods and his petition for a declaratory judgment to that effect should be granted.

*Remanded.*

All concurred.