James D. Hopkins, J.
This action was commenced to secure an injunction restraining the defendants from maintaining signs in violation of an ordinance of the plaintiff village. At the trial, the action was discontinued, by motion of the village against the defendant General Outdoor Advertising Co., Incorporated.
The sign maintained by the defendants is located within the front yard of premises owned by the defendant, fronting on the Boston Post Road (U. S. Route No. 1) in the village. The premises are improved with a building used as a real estate office, and the sign is approximately 15 feet from the curb line, and at right angles to the highway. The sign is about 10 feet wide and 8 feet high, held by two steel posts; it consists of three separate boards, each eight feet long, and one foot, four inches wide. The first board, colored red, is lettered 1 ‘ Real Estate”; the second, colored white, is lettered “ Thomas B. Sutton Corporation, Licensed Real Estate Broker ”; the third board, colored blue, is lettered “ Insurance ”. Signs attached to the building itself state the name of one of the defendants and the word “ Mortgages ”.
The premises were originally zoned for multiple family use; and in March, 1944, the defendants obtained a variance from *246 the Zoning Board of Appeals, which permitted the defendant to use the building for a real estate office, upon the following condition (among others): “ 5. That all signs or sign boards displayed on or outside of the building or structure for advertising, notice or display of name, shall comply with the Building Code of the Village of Larchmont and in no event shall such signs or sign boards be less than ten feet (10') behind and within the property lines of the parcel shown on the sketch submitted by the applicant and said signs or sign boards shall be limited to two in number, all in accordance with the Building Code of the Village of Larchmont.”
In November, 1944, the defendants obtained a permit from the village to erect the sign in issue, and it has been maintained by the defendants to the present. In April, 1958, the defendants’ premises were rezoned for residential (B-5) district use. The ordinance which the village sues to enforce was enacted in February, 1954, and amended in June, 1957. The village notified the defendants to remove the signs in conformity with the ordinance in May and October, 1958.
The ordinance provides that in residential districts no signs may be maintained except those customarily incident to churches, libraries or public museums, municipal buildings and parks and playgrounds, and professional name plates or owners’ name signs not exceeding one square foot in area. In retail business districts signs may be maintained only on the face of the building. The ordinance further provides that nonconforming signs existing at the time of the adoption of the ordinance shall be removed as of June 1, 1955, or 15 months after its effective date.
The defendants contend (1) that the ordinance was not properly noticed for public hearing, or its enactment properly published; (2) that the village lacked statutory power to adopt the ordinance; (3) that the defendants have a vested right to maintain the sign, of which they cannot be deprived; and (4) the ordinance is unconstitutional as an unauthorized exercise of police power, and as arbitrary and discriminatory. These contentions are considered in turn.
I
THE PROCEDURAL QUESTIONS
Section 90 of the Village Law requires that the notice of the public hearing to be held concerning the proposed adoption of an ordinance shall “ in general terms ” describe the ordinance. The notice of public hearing of the instant ordinance states that *247 the hearing is to be held ‘ ‘ to consider the final revision, re-enactment and amendment of the sign ordinance of the Village of Larchmont, N. Y.” This language is challenged by the defendants as insufficient.
A notice required by statute should be construed in accordance with the meaning that it would communicate to the layman, and not to one familiar with the niceties of the law. (Matter of Palmer v. Mann, 206 App. Div. 484, affd. 237 N. Y. 616.) Generally, the notice should be given in such form as would be reasonably adapted to inform the public that the subject matter will be heard (cf. Ottinger v. Arenal Realty Co., 257 N. Y. 371, 377). An amendment concerning one subject cannot be predicated on a public notice concerning another (Brachfeld v. Sforza, 114 N. Y. S. 2d 722). Moreover, municipalities are held to strict compliance with the statutory provisions relative to the procedural requirements surrounding the adoption of ordinances (Milano v. Town of Patterson, 197 Misc. 457; Matter of Pressel v. Ferris, 148 Misc. 910).
Judged in the light of these considerations, the notice under scrutiny is sufficient. As directed by statute, it describes the subject of the hearing in general terms. If its language had gone further, it might have been open to the attack that the description of a particular part, without the description of all, implied only a hearing on the particular part. But the statute does not require a detailed description of the subject matter, but only a general description. With this direction the notice conforms (cf. Richardson v. City of Lockport, 2 Misc 2d 548, mod. on other grounds, 3 A D 2d 812; Village of Sands Point v. Sands Point Country Day School, 2 Misc 2d 885, affd. 2 A D 2d 769).
Secondly, the defendants urge that the notice of adoption of the ordinance was insufficient. Section 95 of the Village Law prescribes that the ordinance in full shall be published and posted. In March, 1952, the village enacted a local law superseding the provisions of section 95, pursuant to the Village Home Rule Law (see Village Home Rule Law, § 11, subd. 1, par. [a]). That local law (Local Laws, 1952, No. 1 of Village of Larchmont) varied the legislative requirement of publication and posting of the full ordinance by providing instead for the publication of “a brief description of such ordinance, amendment or repeal.” The notice of adoption of the instant ordinance reads that “ The Board of Trustees of the Village of Larchmont, N. Y., on the 4th day January, 1954, after due public hearing resolved, ordained and enacted that the Amended Sign Ordinance be and hereby is adopted to become *248 effective as of February 1, 1954 and to be known as 1 Sign Ordinance of 1954. ’ ”
The defendants do not claim that the local law was ineffective to supersede section 95; rather, they claim that the notice published does not satisfy the requirements of the local law. We think, however, that the description of the ordinance in the notice complied with the terms of the local law calling for 1 ‘ a brief description.” It was sufficient to identify the general subject matter of the ordinance adopted and to direct attention to its adoption, so that an interested citizen might be impelled to examine the ordinance in its entirety in the village offices.
n
THE POWER OE THE VILLAGE TO ADOPT THE ORDIHAHCE
Subdivision 44 of section 89 of the Village Law permits a village to regulate or prohibit the use of streets for signs, among other things. Subdivision 47 of section 89 of the Village Law permits a village to regulate the erection and use in, upon, and near streets of billboards and other advertising media. Subdivision 59 of section 89 of the Village Law permits a village to adopt ordinances for general purposes consistent with the exercise of the police power (see, also, Village Law, § 90).
The delegation of these powers by the Legislature authorizes the adoption of the instant ordinance. The ordinance presumptively is valid (Shepard v. Village of Skaneateles, 300 N. Y. 115, 118). A municipality has wide latitude to adopt ordinances concerning billboards and signs (7 McQuillin, Municipal Corporations, §§ 24.380-24.388, pp. 308-321; Ann., 58 A. L. R. 2d 1314). Signs projecting over a street or sidewalk (People v. National White Plains Corp., 299 N. Y. 694), on vehicles using municipal streets (Railway Express Agency v. New York, 336 U. S. 106), or having the tendency to distract the motorist (New York State Thruway Auth. v. Ashley Motor Court, 12 A D 2d 223; cf. Perlmutter v. Greene, 259 N. Y. 327), or the propensity to mislead (People v. Arlen Serv. Stations, 284 N. Y. 340) may be proper objects of regulation and control. Signs under certain circumstances may not be entirely barred from a municipality (Matter of Mid-State Adv. Corp. v. Bond, 274 N. Y. 82; Ruth v. Village of Colonie, 198 Misc. 608), but controls based on reasonable grounds may be exercised (1 Antieau, Municipal Corporation Law, § 6.07 (20), pp. 40A-409).
The defendants assert that the ordinance bears no reasonable relation to health and safety, but depends solely on aesthetic considerations. There is no need here to discuss the expanding *249 role of aesthetic interests in justifying governmental regulation (see Proffitt, “ Public Esthetics and the Billboard ” 16 Cornell L. Q. 151; Gardner, “ The Massachusetts Billboard Decision”, 49 Harv. L. Rev. 869). It has been said that aesthetic reasons alone may sustain a sign ordinance (Foster v. Sharpe, 114 So. 2d 373 [Fla.]). There is no doubt that aestheticism, coupled with the police power, may be appropriately considered in enacting sign controls (Town of Vestal v. Bennett, 199 Misc. 41, 44; 7 McQuillin, Municipal Corporations, & 24.382, pp. 314-315). If “ [B]eauty [be] not queen, * * * she is not an outcast beyond the pale of protection or respect ” (Perlmutter v. Greene, 259 N. Y. 327, 332, supra).
The present ordinance does not exclude signs from the village. It permits small name plates for the professions and name signs for identification in residential districts. Even though the defendants’ premises are situated in a residential zone, they must be considered as enjoying a nonconforming business use under a variance. The sign ordinance does not prohibit signs in business areas, but limits them to signs attached to the building. That yard signs are thus eliminated does not render the ordinance invalid. The village was empowered to determine that yard signs, such as maintained by the defendants, in close proximity to the highway, have a distracting influence on the motorist and thus an effect on traffic and public safety; the village in conjunction with that interest might also properly consider that yard signs, sometimes of varying and blatant color, are not consonant with the residential quality which is the main attribute of Larchmont. Hence, the defendants’ assault on the ordinance cannot be upheld.
Ill
defendants’ vested bights
The defendants’ strongest thrust is based on the claim of vested rights. The ordinance was adopted after the erection and maintenance of the sign for nearly 10 years; they were not notified to remove the sign for over 4 years thereafter. Therefore, they argue, the ordinance may be not interpreted to deprive them of their pre-existing right.
The ordinance by its terms recognizes pre-existing nonconforming signs, and directs that they shall be removed or changed some 15 months after the effective date of the ordinance. The question is whether this is a reasonable regulation.
The character of rights considered to be vested and protected against later deprivation or destruction has been clearly stated. “ In this state, then, existing nonconforming uses will be per *250 mitted to continue, despite the enactment of a prohibitory zoning ordinance, if, and only if, enforcement of the ordinance would, by rendering valueless substantial improvements or businesses built up over the years, cause serious financial harm to the property owner ” (People v. Miller, 304 N. Y. 105, 109). Thus, the prohibition of a hobby (People v. Miller, supra), the elimination of parking of automobiles on a lot (People v. Kesbec, Inc., 281 N. Y. 785; People v. Wolfe, 272 N. Y. 608), and the revocation of a permission to use an appliance in an apartment (Vernon Manor Co-op. Apts. v. Salatino, 15 Misc 2d 491, 496) have been held not to invade a vested right.
Recently, the Court of Appeals declared that, if an ordinance provides a sufficient period of permitted nonconformity, it may further provide that at the end of such period the use must cease (Matter of Harbison v. City of Buffalo, 4 N Y 2d 553, 562). The investment of the owner, the period of time in which the investment is to be “ amortized ’ ’, the nature of the neighborhood, the cost of relocation, the nature of the use, are all factors which the Court of Appeals said must be considered in determining whether in a given case the terms of the ordinance are reasonable.
Here, the nature of the nonconforming use does not rise to the stature of a vested right. The sign itself, from the exhibits in evidence, does not appear to be a substantial investment. We may agree that it has an intangible value in advertising the defendants’ business; there was no evidence at the trial which indicated the extent of its appeal or the degree to which the defendants’ business might be affected by its loss. But we must also bear in mind that the defendants’ business will still be advertised by the remaining signs on the defendants’ building. If the defendants’ business is considered as a true vested right, then it may be regulated in the interest of public safety (cf. Town of Hempstead v. Goldblatt, 9 N Y 2d 101; Lyman G. Realty Corp. v. Gillroy, 5 A D 2d 520), so long as the regulation is reasonable. In the determination of reasonableness, aesthetic interests may be regarded together with the interests of public safety (Noel, “ Retroactive Zoning and Nuisances ”, 41 Col. L. Rev. 457, 470-472).
It must be observed, in addition, that the variance granted to the defendants was conditioned on the compliance of all signs with the building code of the village. It was thus in the contemplation of the village and the defendants that signs would be the subject of regulation.
In short, the court finds that the defendants’ have no vested right to the maintenance of the yard sign.
*251 IV
OTHER CLAIMS OP UNCONSTITUTIONALITY
The defendants also contend that the ordinance unlawfully discriminates in that yard signs for churches, libraries, and museums are allowed, but are denied for business establishments. The ordinance, however, rigidly restricts such yard signs in area, whereas the signs in business districts are permitted to be relatively much larger. Furthermore, the difference in the character of the use warrants the difference in the regulation of the sign connected with the use.
Accordingly, the court grants judgment in favor of the plaintiff, without costs.