TOWN OF DYER ET AL. *v.* MONALDI.

[No. 30,370. Filed September 22, 1964.
Opinion corrected September 24, 1964.]

*William F. Carroll* and *Wendell C. Hamacher*, both of Crown Point, for appellants.

*G. Edward McHie, Peters, McHie, Enslen & Hand*, of Hammond, for appellee.

ACHOR, C. J.—This is an action for a declaratory judgment to construe the subdivision control ordinance of the town of Dyer [No. 354] and to determine the appellee's rights under said ordinance and under Ordinance (Resolution) No. 429.

The controversy arose by reason of the following events. Appellee first secured approval of his "plans for installation" of a new subdivision described as Unit 1, Dyer Estates Second Addition.[1] This approval was effected by the adoption of Ordinance No. 429 by the town board and by subsequent approval of that body, acting as the Plan Commission of the town of Dyer. After such approval, appellee began installing sewers, streets, and other improvements in said subdivision.

---

1. These "plans for installation" provided for a sanitary sewer system and a water main supply system. They were later amended to also provide for the alternative installation of the septic tanks. However, according to the evidence as recited in appellants' brief, "there is nothing on these plats which shows whether a house on any lot therein would connect into a sanitary sewer or whether there would be a septic tank; . . ."

However, the above approval was granted without first receiving the written approval of the plans therefor from the State Board of Health and the superintendent of the Dyer Water Works, as provided in the subdivision control ordinance of the town of Dyer. Thereafter, upon being advised by their legal counsel that compliance with this provision of the ordinance was mandatory, the board of trustees of the town of Dyer notified appellee that the approval of his plat had been revoked and that it would refuse to make inspection of the installations or to issue building permits for his lots.

This action was then filed by the appellee against the town of Dyer and the three members of the board of trustees who are appellants. The appellants Lembcke, Dempsey, and Anderson, came into this action as intervening defendants in the action below because they were persons presently being serviced by the existing sewer, whose use thereof would allegedly be damaged as a result of the additional burden which would be placed thereon if the sewage system of appellee's proposed subdivision was connected therewith. Acts 1963, ch. 125, §1, p. 111, being §53-701, Burns' 1951 Repl. (1963 Supp.).

The issues as established by the complaint are:

1. Was the appellee's plat of subdivision for Unit 1, Dyer Estates Second Addition, legally approved by the Plan Commission and the board of trustees of the town of Dyer?

2. Is the appellee entitled to proceed with the development and improvement of said subdivision on the basis of such approval?

The trial court made findings and entered a mandatory judgment for appellee.

Among other things, the appellants herein assign as error that the trial court erred in overruling appellants'-intervenors' motion for new trial, in the following particulars:

1. The finding of the court is not sustained by sufficient evidence.

2. The finding of the court is contrary to law.

Specifically, it is asserted that the court erred in upholding the validity of the ordinance of the town of Dyer which approved appellee's plat of subdivision, even though the town board in adopting said ordinance failed to comply with the conditions precedent to the adoption of such ordinance as prescribed by the subdivision control ordinance of the town of Dyer, the same being Ordinance No. 354.

The pertinent parts of Ordinance No. 354 are as follows:

Title IV, Section 8-2:

"2. The subdivider shall submit complete plans and specifications of all improvements, as required under *Section 4 of this Ordinance,* to the Town Board for examination, inspection and approval by the proper officers, boards or commissions, as hereinbefore provided...."

Title III, Section 4-3:

"The plans for the installation of a Sanitary Sewer System shall be prepared by the subdivider *and approved by the Town Board and Indiana State Board of Health....*"

Title III, Section 4-4:

"The plans for installation of a Water Main Supply System shall be prepared by the subdivider and approved by the Superintendent of the Dyer Municipal Water Utility and Indiana State Board of Health...." [Our emphasis.]

Admittedly, such "plans for installation" were not approved by either the Indiana State Board of Health or the superintendent of the Dyer Municipal Water Utility, and there is evidence that if such plans had been submitted they would not have been approved by the State Board of Health.

However, it is contended by the appellee that the only purpose of requiring such approval of the plans for installation of the proposed sewer and water systems is to assist the town board in its "inspection and approval" of said systems. Further, appellee cites the fact that in this case the town board and the Plan Commission, acting in their dual capacity, did give their approval of the plans and specifications for such subdivision, and this the appellee contends constituted a waiver of the requirements of Title III, Section 4-3 and 4, *supra,* of said Ordinance. We do not concur in this contention.

The subdivision control ordinance, and particularly section 4 thereof, did not merely prescribe the parliamentary procedure for the enactment of future ordinances pertaining to subdivision control, it established certain requirements as conditions precedent to the adoption of all other ordinances enacted pursuant thereto. Furthermore, a fact to be considered is that the ordinance was enacted not only for the benefit and protection of the town of Dyer as a corporation, but also for the protection and benefit of the individual citizens of the town who might otherwise be adversely affected by developments such as that here proposed.

The town board admittedly could amend or repeal the subdivision control ordinance so as to eliminate the requirements of section 4, *supra,* but so long as these requirements were in force, the town board was bound thereby, and the citizens had

a right to assume that the town board and their elected representatives would respect and follow the conditions precedent as contained in the general subdivision control ordinance. *Swindell, Mayor, etc.,* v. *The State, ex rel. Maxey et al.* (1895), 143 Ind. 153, 42 N. E. 528; 62 C. J. S. §443, p. 855, n. 3, 4; *Carbondale* v. *Wade* (1902), 106 Ill. App. 654, 662; *Village of Larchmont* v. *Sutton* (1961), 30 Misc. 2d 245, 217 N. Y. S. 2d 929; *Mason* v. *Salem* (1961), 103 N. H. 166, 167 A. 2d 433.

The general rule of law which is controlling of the issue before us has been stated, as follows:

> "Where the mode of procedure in the enactment of ordinances is committed to the authority or power of the municipal council, and is not regulated by the charter law of the municipality, such mode of procedure may be fixed by an ordinance which will govern, so long as it is in force, in the enactment of all ordinances." 37 Am. Jur. §144, p. 757.

> "Thus, as a rule, the power of a municipal corporation to legislate must be exercised in the manner prescribed, or the enactment will ■ be considered void and set aside." 62 C. J. S. Municipal Corporations §416, p. 798 See: *Swindell, Mayor, etc.,* v. *The State ex rel. Maxey et al., supra* [143 Ind. 153, 42 N. E. 528]. See also: McQuillin on Municipal Corporations, §16.10, p. 173, at p. 174.

Judgment reversed.

Arterburn, Landis & Myers, JJ., concur. Jackson J., concurring in part and dissenting in part, with an opinion.

### CONCURRING AND DISSENTING OPINION.

JACKSON, J.—I dissent to that part of the majority opinion reading as follows:

"Admittedly, such 'plans for installation' were not approved by either the Indiana State Board of Health or the Superintendent of the Dyer Municipal Water Utility, and there is evidence that if such plans were submitted they would not be approved by the State Board of Health."

Title III, §4-3 of the ordinance reads as follows:

"3. Sewers: The subdivider shall provide the subdivision with a complete Sanitary Sewer System which shall connect with a sanitary sewer outlet, or provide for the disposal of sanitary sewage by means of septic tanks with absorption system, laid out and constructed in accordance with the published recommendations of the Indiana State Board of Health."

Here the alternative to the sanitary sewer system was employed, i.e. septic tanks, consequently all that was required of such septic tanks was that they be laid out and constructed in accordance with the published recommendations of the Indiana State Board of Health.

I concur in the result of the majority opinion with reference to compliance with Title III, Section 4-4, which holds that approval of the water main supply system was required and was not obtained, hence the action of the town board in withdrawing approval of the subdivision for such failure was correct.

Note.—Reported in 201 N. E. 2d 268.