John J. Dillon, J.
This proceeding is described in the order to show cause as one brought under article 78 of the CPLR. The relief demanded is a judgment “ prohibiting the respondent, Joseph C. O’Reilly, as Village Engineer and Building Inspector of the Village of Larchmont, New York, from preventing the re-erection and maintenance of the petitioner’s election poster sign on the premises described in the petition.” There may be a question as to whether such relief is obtainable under CPLR 7803. The court notes, however, that there is annexed to the petition a letter from the respondent to the owner of the premises, dated October 7, 1964, asserting tha,t the “ sign ordinance ” of the village does not allow signs of the described type in a residential area, and directing its removal. The court will therefore treat the proceeding as one brought to review the respondent’s determination under CPLR 7803 (subd. 3) of the statute.
The petitioner is the vice-chairman of a political organization known as the ‘ ‘ Larchmont-Mamaroneclc Citizens for Goldwater-Miller Committee.” On September 15, 1964, the committee rented from one Joseph Fay the premises at 1956 Palmer Avenue and an adjoining vacant lot. The house has been in use since that time as a political headquarters. On October 3, 1964, the committee erected upon, the adjoining lot a poster sign, 22 by *354 8 feet in dimensions, advocating the election of the committee’s candidates for President and Vice-President of the United States. On the complaint of an adjoining property owner the Board of Trustees directed the Building Inspector to remove the sign. The respondent’s letter of October 7, 1964, having been ignored, the sign was taken down by village employees. The sign was re-erected and again taken down at the respondent’s direction. The petitioner has now sought relief in this proceeding. The premises rented by the committee, including the lot on which the sign was erected, are in a single-family residential district.
Two village ordinances are invoked by the respondent to justify his action. One of these, known as the “ Sign Ordinance,” is described in its preamble as “ an ordinance relating to the erection and maintenance of outdoor advertising display, signs and awnings.” Under section 7 of the ordinance posters of the size and character involved here are prohibited. Under section 13 provision is made for variances on application to the Board of Trustees; but no such application was made by the committee and it is quite plain that the erection of the sign in question was a violation of the ordinance. The question is whether the ordinance is valid and constitutional.
It may be said at the outset that this very ordinance has already been upheld with respect to the validity of its adoption, the power of the village to enact it, and its constitutionality as an exercise of the police power (Village of Larchmont v. Sutton, 30 Misc 2d 245). The ordinance was upheld again in Village of Larchmont v. Levine (225 N. Y. S. 2d 452). It is doubtful, however, that either of these decisions contemplated the precise constitutional question presented here, namely, that the prohibition of a political advertisement in the form of a sign or billboard is an infringement on the right of free speech and therefore violates the First Amendment to the Federal Constitution.
The petitioner argues that an examination of the sign ordinance as a whole indicates that the 'committee’s poster is actually excluded from the entire village. But that question is not properly before the court. A litigant may challenge the constitutionality of a statute or ordinance only insofar as it affects him personally (O’Kane v. State of New York, 283 N. Y. 439). The petitioner has -been forbidden to maintain a sign in a specific location, which happens to ¡be a ¡single-family residential district, ¡and the only question presented here is whether the village may properly exclude a political billboard from such a district without infringing upon ¡the constitutional right of free speech. *355 The court is not called upon to say whether the exclusion of such a display from a business or industrial district would be a justifiable exercise of power. The question is different when considered in connection with a residential area, as is apparent from the whole theory and history of zoning.
It appears to the court that the sign ordinance is a valid enactment as to residential districts, even though it may limit to some degree the right of freedom of speech. If the guarantee of the First Amendment can be used to justify the erection of signs and billboards of unlimited size in an area restricted to one-family homes, then it would seem that zoning is a mere delusion. It is now quite definitely settled in this State that aesthetic considerations are a valid subject of legislative concern (People v. Stover, 12 N Y 2d 462). There the court, in upholding a local ordinance against the charge that it violated the First Amendment, said the following (p. 469): “ However, it is perfectly clear that, since these rights are neither absolute nor unlimited [citing cases], they are subject to such reasonable regulation as is provided by the ordinance before us. Although the city may not interfere with nonviolent speech, it may proscribe conduct which incites to violence or works an injury on property, and the circumstance that such prohibition has an impact on speech or expression, otherwise permissible, does not necessarily invalidate the legislation.”
The court is aware of the fact that political activity is a necessary part of the democratic process, and that a good deal of latitude must be allowed to those campaigning for public office even though some public inconvenience may result (cf. Matthes v. Collyer, 32 Misc 2d 224). But it is plain from the Stover case (supra), and the authorities cited in the majority opinion, that the right of free speech is not an unlimited license and that it may be restricted by reasonable regulations enacted for the promotion of the public welfare.
The other ordinance involved is the village zoning ordinance, which also excludes a sign of the kind involved here. With respect to the issue in this proceeding the two ordinances are so closely connected that they must be read together, and the zoning ordinance requires very little additional comment. It was long since decided that reasonable zoning is within the limits of the Constitution and that certain uses may properly be forbidden in designated districts. It has been held that such necessary institutions as schools and churches may not ordinarily be excluded from residence zones (Matter of Diocese of Rochester v. Planning Bd., 1 N Y 2d 508), but the court cannot conclude that signs and billboards erected for political purposes *356 should be placed in the same category. The objection to the zoning ordinance, based on the First Amendment, must be answered in the same way as in the case of the sign ordinance. It follows from all that has been said above that the respondent’s motion to dismiss the petition in point of law must be granted.
The respondent has also interposed an answer containing a counterclaim which in effect alleges the violation of the sign ordinance by the committee and demands an injunction against further violations. The court notes that the counterclaim contains certain allegations with respect to the use of the building itself as a political headquarters in disregard of the zoning ordinance. But no relief has been demanded on this phase of the controversy, either in the answer or in the respondent’s notice of motion. The injunctive relief will be granted, limited however to further violations of the sign ordinance.