William E. Rihgel, P. J.
The defendants are charged with violating subdivision 2 of section 1533 of the Penal Law. That section is entitled, “ Permitting use of building for nuisance.” Subdivision 2 says a ‘ ‘ person who * * * Opens or maintains a place where any narcotic drug is unlawfully used * * * Is guilty of a misdemeanor.” Originally the statute was aimed at opium smoking. (Amd. by L. 1960, ch. 526, eff. July 1, 1960.)
The acts complained of, are alleged to have taken place in premises called the ■ Sylvan Hotel, located in an economically depressed area in this county.
• The 240 rooms in this hostelry are little more than cubicles, and the rent is a dollar per night. It is obvious that the designation of ‘ ‘ hotel ” is a mere euphemism. The colloquialism, ‘ ‘ flop house ” is a more accurate appellation.
Campbell, to all practical purposes, is the operator and owner of this hotel, held under a lease from an estate, of which the defendant, Khidouri, is an executor. Khidouri was never observed on the premises.
Many of the guests of the hotel are either unfortunate relief recipients or persons without any apparent roots.
Entrance to the hotel is through a steel gate which is kept closed. It can only be opened by pushing a buzzer. The buzzer is controlled by the clerk on duty. The hotel also has three fire escapes, two scuttles and an emergency exit. The evidence disclosed that persons frequently gained entrance to this hotel, using these entrances and exits, without the knowledge or consent of the defendants or their employees, despite spot-check inspections by the defendant.
The Police Department records disclose that between January 1,1964 and June 15,1964,107 persons had been arrested on these premises for violation of various narcotics statutes, of whom 38 were convicted. Notice of these arrests, known as ‘ ‘ liability ’ ’ notices, were served on defendants, by the Police Department, before this prosecution was commenced. Additional arrests were made thereafter, and additional ‘ ‘ liability ’ ’ notices were served.
Campbell knew of the arrests and admitted receipt of all of the “ liability ” notices. In fact he co-operated with the police and advised them of suspected narcotic law violations on his *203 premises. The area in which the hotel is located has a high incidence of illegal narcotic traffic.
Under these facts, may the defendants be found guilty of the crime charged? The key word in section 1533 is the word ‘ ‘ maintain ’ ’.
‘ ‘ The word ‘ maintain, ’ from maintenir, to hold in or by the hand, signifies ‘ to hold, preserve or keep in any particular state or condition; not to lose or surrender ’; to continue.” (Benson v. Mayor, 10 Barb. 223, 236.)
The American College Dictionary defines “maintain” to mean, “ to keep in existence or continuance; preserve; retain.”
Webster’s New International Dictionary defines this word to mean “ to aid by way ” of support. (See, also, Centennial Mills v. Benson, 234 Ore. 512.)
“ Maintain ” means to hold or keep in any particular state or condition. (Gollick v. New York Cent. R. R. Co., 138 F. Supp. 384.)
To “maintain ” a nuisance means something more than having knowledge of its existence. It mfeans, in addition, preserving and continuing its existence either by some positive act or by acquiescence. Where a defendant has notice of the condition complained of, created by a third party, the adoption, by him, of a “do-nothing” policy is tantamount to acquiescence, i.e., an intent to continue the condition. (Menneti v. Evans Constr. Co., 160 F. Supp. 372; Simmle v. New Jersey Coop. Co., 28 N. J. 1; People v. Holland, 158 Cal. App. 2d 583.)
People v. Tendetnick (237 App. Div. 9), the only case cited by the People in support of their position, is a clear example of such acquiescence.
The evidence presented at this trial has failed to establish the commission of any act on the part of either defendant which was calculated to preserve or continue the nuisance in question. The evidence also fails to establish any acquiescence in its continuance. The erection of an electrically controlled entrance, frequent inspections of the public halls and other possible means of entrance, reports to the Police Department, and defendants’ co-operation with the police (which is conceded) negate any such conclusions.
The difficulty of screening out undesirables from a place of public accommodation must be obvious to all. Additionally, the safeguards established in the civil rights laws, and the difficulty in obtaining dispossess orders against tenants, cannot be overlooked. These are very real problems with which any hotel-keeper is faced. Their existence may not prevent the authorities from taking appropriate action in a civil count. (See, e.g., Beal *204 Property Law, former § 529; Public Health Law, § 1305; Multiple Dwelling Law, § 306 et seq.) However, this cohrt is not the proper forum for such action. Our function is to determine if the guilt of these defendants has been established beyond a reasonable doubt, for violation of subdivision 2 of section 1533 of the Penal Law. We find that it has not.
The motion to dismiss the information and acquit the defendants should be granted.