William M. Perry, J.
This action by the Town of Huntington against the defendants Victor Mehnken and the Estate of Samuel Schwartz was tried by this court on the 31st day of October, 1969.
The town accused the defendant Mehnken of violations of section 35-1 of the Code of the Town of Huntington, and they accused the defendant Schwartz of a violation of subdivision (a) of section 35.2 of the Code of the Town of Huntington and a *837 violation of section 35-3 of the Code of the Town of Huntington.
The ordinance in question, which became effective on September 7, 1969, provided as follows (italics supplied):
“ Section 35.1 prohibition. It shall be unlawful for any person, firm or corporation to erect, affix or maintain a political sign on any tree, traffic device, telephone or lighting pole within the Town of Huntington.
Section 35.2 sign allowance. Free-standing political signs shall be permitted within commercial areas:
a) Providing they are not erected prior to six (6) weeks before the election which permit was obtained and;
b) Provided that they are removed within forty-eight (48) hours after the election which permit was obtained;
c) Providing they do not obstruct traffic and;
d) Provided a permit is obtained for the erection of freestanding political sign from the ¡Department of Building and Housing of the Town of Huntington.
Section 35-3 permit requirement. It shall be unlawful to erect a free-standing political sign without first having secured a permit therefor from the Building Department of the Town of Huntington. ’ ’
The town produced the complainant, William Walter, who testified that he saw the Schwartz signs on the locations designated in the information, standing on September 9, 1969 and on September 11, 1969. He further stated that he observed the Mehnken signs standing in the locations described on the 24th of September and on the 28th of September, 1969. He further testified that the Schwartz signs from his observation, were not standing on the 26th of August, 1969 and that the Mehnken signs were up before the 24th of September, 1969. Upon the completion of the complainant’s testimony, the town rested.
The defense produced John Thorsen, who testified that he was the individual hired to erect the signs in question and that he prepared and erected the signs for pay; and that he erected the Schwartz signs on the 23d of August and the Mehnken signs on the 25th of August. The defendant argues, in moving to dismiss the information herein, that the ordinance as applied to these defendants is ex post facto in that the violations complained of were done or completed prior to the effective date of the ordinance.
I find from the weight of the credible evidence adduced during the trial, that the signs in question had been erected prior to the effective date of the ordinance. It is well established that statutes are void which subsequently condemn an act which was innocent when performed, as such statutes constitute ex post *838 facto laws within the prohibition of the ’Constitution. (People v. Oliver, 1 N Y 2d 152; People ex rel. Pincum v. Adams, 274 N. Y. 447.)
In the matters at bar, the defendant Schwartz is charged with erecting a free-standing political sign in violation of subdivision (a) of section 35.2. That section merely prohibits the erecting of a free-standing political sign, and the evidence has established that the sign had been erected prior to the effective date of the ordinance and not on the date charged in the information.
Accordingly, since the evidence does not establish the commission of any act by the defendant in violation of the statute after the effective date of the ordinance, the information is dismissed. This reasoning would also apply to the alleged violation of section 35-3 by the defendant Schwartz which requires the securing of a permit before a sign can be erected. Accordingly that information is dismissed.
The defendant Mehnken is charged with erecting political signs upon trees in the Town of Huntington in violation of section 35-1 of the Code of the Town of Huntington. Here also the evidence established that the signs were erected prior to the effective date of the legislation, but unlike the former situation, this section of the code not only prohibits the erection but also the maintenance of the sign.
From the evidence adduced, there is' nothing in the present record to establish that the defendant maintained the signs after their initial erection and thus these charges are also dismissed. (People v. Campbell, 45 Misc 2d 201.)
The defendant having raised factual questions with respect to the evidence adduced by the People and the matters having accordingly been decided on the evidence, this court need not concern itself with constitutional issues raised by the defendant with respect to the ordinance in question. However, in view of the importance of the issues raised by both parties, and to make a final determination of the issues raised, this court has examined the constitutional question and has determined as follows:
Other than the ex post facto aspects which we have resolved above, the defendants herein have argued that the ordinance is unconstitutional in that it violates the First Amendment by prohibiting the free expression of political thought and is violative of due process, as it arbitrarily applied a six-week limitation to the erection of political signs.
At the outset, this court will take notice of the strong presumption of constitutionality that applies to acts of State Legislatures (Matter of Van Berkel v. Power, 16 N Y 2d 37). This *839 presumption has also been applied to acts of municipalities (Gullo v. Village of Lindenhurst, 16 Misc 2d 761, affd. 13 A D 2d 544). It has also been well established that the State and its political subdivisions may regulate the erection and maintenance of outdoor advertising and the justification for such legislation rests upon the police power of the State (2 N. Y. Jur., Advertising and Advertisements, § 7). Further extending this doctrine, freedom of speech has been held to be subject to reasonable regulation (United States v. O’Brien, 391 U. S. 367).
As the ordinances herein are limited in subject matter and nature, it is fitting that we inquire as to whether the subject matter is an unreasonable exercise of the police power, namely the regulating of election signs and/or political advertisements, and whether such ordinances can be upheld from the standpoint of aesthetic considerations. This question was the subject matter of People v. Stover (12 N Y 2d 462). While Stover did not concern itself with election signs but rather with upholding restrictive ordinances because of the aesthetic considerations, the underlying principle can be applied to the case at bar. Judge Fold’s opinion (pp. 466, 467), would in the judgment of this court apply equally to this matter:
“ It is our opinion that the ordinance may he sustained as an attempt to preserve the residential appearance of the city and its property values by planning insofar as practicable, unsightly clotheslines from yards abutting a public street. In other words, the statute, though based on what may be termed aesthetic considerations, proscribes conduct which offends sensibilities and tends to debase the community and reduce real estate values.” •
“ Once it he conceded that aesthetics is a valid subject of legislative concern, the conclusion seems inescapable that reasonable legislation designed to promote that end is a valid and permissible exercise of the police power.”
We may further note on the subject, Mr. Justice Douglas’ opinion in Berman v. Parker (348 U. S. 26, 33): “It is within the power of the legislature to determine that the community should be beautiful as well as healthy, spacious as well as clean, well-balanced as well as carefully patrolled. ’ ’
The ordinance in question in People v. Stover (supra), as in the case at bar, was regulatory rather than prohibitory. It causes no undue hardship, for it expressly provides for the issuance of permits and merely regulates the areas wherein the signs may be erected and the duration that such signs may be allowed to stand.
*840 The validity of ordinances regulating the erection of political signs within residential communities was determined in the Matter of Gibbons v. O’Reilly (44 Misc 2d 353), also in Village of Larchmont v. Sutton (30 Misc 2d 245).
In the Matter of Gibbons (supra) the ordinance questioned prohibited the erection of political signs within a residential district. In upholding the ordinance, the court said that a sign ordinance is a valid enactment as to restrictions, even though it may limit to some degree the right of freedom of speech and further, in citing Stover (supra) that the right of free speech is not an unlimited license and that it may be restricted by reasonable regulations enacted for the public welfare.
As to the matter at bar, the power of a municipality to enact such an oí dinance was previously upheld in the matter of Village of Larchmont v. Sutton (supra). The 'Huntington ordinance is less restrictive than the one under consideration in Gibbons (supra), in that it does provide for the erection of political signs providing a permit is first obtained. We cannot say that the requiring of a permit before the erection of said signs is an arbitrary and capricious use of the police power. Indeed, using the analogy in Stover '(supra), such restrictions could be upheld merely out of aesthetic considerations without proceeding further. Indeed, there is presently in existence in the Town of Huntington an ordinance requiring permits for the erection of all free-standing signs. The ordinance in question in effect weakens or excepts from that ordinance by allowing political signs to be erected where otherwise they would not be allowed. I further find that the limitation of six weeks prior to an election for- the erection of said signs to be within the use of the police power and I further find that the municipality may use or consider aesthetic considerations in applying such power as in the case at bar.
This ordinance is therefore not violative of due process and accordingly I find it to be constitutional.