Jasen, J.
(dissenting). The judgments of conviction should be affirmed. I cannot agree with the majority’s view of the record — “ that no crime was charged or proven ” in this case.
An information, as we have said, is not required to be drawn in accordance with a prescribed formula or in the exact words of a statute. (People v. Jacoby, 304 N. Y. 33, cert. den. 344 U. S. 864.) It is legally sufficient if it informs the defendants of the nature of the charges against them and the acts constituting those charges. (People v. Saft, 29 A D 2d 618, affd. 28 N Y 2d 964.) In my opinion, the information filed against these defendants sufficiently sets forth the essential elements of the crime charged.
Likewise, the proof presented at the trial, particularly the permissible inferences to be drawn from the voluntary admissions of both defendants, quite adequately demonstrates defendants’ knowledge of and acquiescence to the use of marijuana and hashish on their premises. (People v. Campbell, 45 Misc 2d 201.)
Moreover, it is difficult to reconcile the majority’s rationale that “ [i]t was never contemplated that criminal taint would attach to a family home should members of the family on one occasion smoke marijuana or hashish there ” (emphasis supplied) with our recent unanimous decision in People v. Schriber (29 N Y 2d 780, affg. 34 A D 2d 852), where we affirmed a *184 conviction predicated upon a single episode of group drug use at a defendant’s premises. Furthermore, the undisputed facts in this case do not reveal the mere presence of the Fiedler family on the premises at the time of the incident, Mt, in fact, disclose that at least two friends of the family were also on the premises participating in the use of drugs.
The reversal of these nuisance convictions is not, as a matter of law, justified upon this record.
Chief Judge Fuld and Judges Burke, Bergan and BreiteL concur with Judge Gibson ; Judges Scileppi and Jasen dissent and vote to affirm in separate opinions, in each of which the other concurs.
Order reversed, etc.