Memorandum.
Judgment of conviction affirmed.
Defendants were convicted of violating ordinance 265 (§ 4, subd b) of Public Rules and Regulations of the Department of Recreation and Parks (park admittance) and defendant Kautzman was convicted of violating ordinance 265 (§ 5, subd d, par 1) of the Nassau County Park Rules (prohibited conduct). It is clear that defendants’ guilt has been established beyond a reasonable doubt.
*262 Defendants’ arguments as to constitutionality of the ordinance, i.e., they are being denied due process and equal protection of the law, have no substance because they lack standing to challenge the ordinance. Both defendants are residents of Nassau County and hence are within the category of persons permitted to use the park if a leisure pass is obtained. Defendants’ argument of discriminatory enforcement, assuming arguendo that it is properly before this court (see People v Goodman, 31 NY2d 262, 268-269), is equally without merit since there has been no showing of intentional or purposeful discrimination (Yick Wo v Hopkins, 118 US 356; People v Utica Daw’s Drug Co., 16 AD2d 12, 15).
The only remaining question for consideration is the interpretation of the enabling act, section 221 of the County Law which provides for the "free use of the public”. Although the word "public” can mean both the public at large or a small or restricted locality (Pocantico Water Works Co. v Bird, 130 NY 249, 258-259), it is our opinion that the better interpretation would mean the locality, i.e., the county. This interpretation is in keeping with the restriction of town parks to inhabitants of such park districts (L 1924, ch 574, § 13). Moreover, we find no violation of the requirement of "free use” (see 8 Opns St Comp, 1952, 127; 24 Opns St Comp, 1968, 724) since the charge for the leisure pass is a necessary administration fee rather than a general admission charge.
Concur: Glickman, P. J., Pittoni and Gagliardi, JJ.