Albert M. Rosenblatt, J.
This is a motion by the defendant seeking dismissal of an indictment. He attacks the constitutionality, on due process and equal protection grounds, of section 664 of the Judiciary Law, by which government employees are barred from Grand Jury service, as a result of which, defendant claims, the Grand Jury which indicted him was illegally constituted, in violation of CPL 210.35 (subd [1]).
First, equal protection. The inquiry must begin with the premise that defendant’s allegations are to be measured against his heavy burden of proving unconstitutional inequality or discrimination (People v Goodman, 31 NY2d 262, rearg den 32 NY2d 705) as opposed to a deliberate and rational classificatory scheme. He must demonstrate how section 664 of the Judiciary Law operates to accord him, as an individual or group member, any less protection than anyone else.
While the moving papers contain an affidavit by the defendant in which he asserts the claim, the mere employment of the term "unequal protection” does not even begin to make it so, and while he contends that the exclusion is not rational, there is no showing of how he is affected at all by it, much less adversely affected. It is not alleged, nor could it be alleged, that the defendant has been singled out for special or unequal treatment, different from that afforded every other indicted defendant in New York State for many years. The public employee exclusion was written into State law 22 years ago (L 1954, ch 305) after Governor Dewey approved the measure (the exemption portion of which had been in effect for New York City Grand Juries for 13 years before that [L 1940, ch 202, as amd by L 1953, ch 651]).
For equal protection (as opposed to due process) purposes, this court rejects the notion that the defendant, not alleged to be a public employee, is somehow unequally treated by the elimination of public employees from all Grand Juries in New York State. Because he is not a member of the excluded class, it is all the more tenuous to claim that the expulsion of that class can have a constitutionally unequal impact upon him. Concededly, a person not a member of an excluded class may contest the classification and may even prevail by demonstrating an irrational taxonomy. But that would rest predominantly on Sixth and Fourteenth Amendment grounds rather than on any equal protection basis (Taylor v Louisiana, 419 *799 US 522). Were he a member of the expelled class it might raise issues which are not at all necessary to the resolution of the case at bar, and which this court does not reach.
The language of the court in United States ex rel. Chestnut v Criminal Ct. of City of N.Y. (442 F2d 611, 617, cert den 404 US 856) is relevant here, as to defendant’s equal protection posture. "The Second August 1964 Grand Jury was selected, so far as the record reveals, exactly as was every other grand jury that sat in New York County in 1964.”
That, of course, is in contrast to cases in which the equal protection clause was raised to interdict Grand Jury procedures which were used only for one particular defendant or class of defendants and no others (e.g., Beck v Washington, 369 US 541, 554).
The equal protection cases, both in that portion of defendant’s superb brief and elsewhere, deal, by and large, with contentions by those properly situated to complain about how the exclusion uniquely operates to afford them lesser protection than others (e.g., Avery v Georgia, 345 US 559). Where they do not fall into the disqualified class, equal protection grounds are eclipsed by Sixth Amendment and due process considerations, including a right to a jury trial predicated on rational and nondiscriminatory selection processes (e.g., Peters v Kiff, 407 US 493).
In deciding whether the defendant has been denied due process, it is necessary to determine whether New York, for so long a time, has abided a statute which unjustifiably bans public officials from grand (but not petit) jury service.
The question, then, is whether the exclusion is constitutionally sound or whether it excises, without justification, a segment of the population in a way which unsuitably deprives an accused of Grand Jury cross-sectionality. After reviewing the statute’s origins and purposes, this court holds that the defendant has not carried his burden of establishing any constitutional ailment. To begin with, the defendant is incorrect in assuming that the public employee disqualification was enacted exclusively because of legislative concern over the ability of public officers to decide cases fairly and without kinship with the government. Accordingly, the numerous cases which hold that government people will not inordinately cast their vote with the prosecution (e.g., Dennis v United States, 339 US 162) are not at all dispositive of the issue before us.
Because of the seemingly endless attacks by defendants on *800 the inclusion of government employees on juries and Grand Juries, it would not be surprising if a State were to write in an exclusion, for the pacification of potential defendants, in order to avert claims of jury contamination by the presence of people who have, throughout the history of the litigation, been accused of being antipathists to the defense.[1] It seems ironic that this defendant, in effect, now claims the very reverse and, appropriately enough, supports his claim with legions of decisions by which public employees are thought not to be overly collaborative with the prosecution. We will therefore assume that the government group is neither more nor less hospitable to persons accused than they are to the State. Indeed, the origins of the assailed section indicate that the exclusion was not based primarily on any defense-minded concern (erroneous though it might be) that government employees have an institutionalized prosecutorial affinity.
The chief purpose for the exclusion, it appears, rests on a recommendation by the New York State Judicial Council[2] (NY Legis Doc, 1940, No. 48, p 208) by which it was believed that Grand Juries, because they investigate official corruption, should not be composed of public employees. Unempirical, perhaps, but not, in this court’s opinion, irrational. Interestingly enough, a Federal court, in construing this very provision, did not refer to the statute’s origins, and also assumed that the exemption was based on the premise that government employees might be unsuitably conflicted, yet found that concern to be constitutionally agreeable (United States ex rel. Epton v Nenna, 318 F Supp 899, 904). On either ground then, it would be defensible, but this court prefers to rest its holding on the Judicial Council’s ground (see, also, People v Echavarry, 79 Misc Misc 2d 509, affd sub nom People v Siciliano, 52 AD2d 408) and one other, not mentioned in either Epton or Echavarry.
It has long been recognized that the Sovereign may constitutionally exclude from jury service certain professions or groups because the exclusion would free its members to serve other compelling State interests. For example, a jury selection plan which excuses operators of sole proprietorships does not work any unconstitutionality (United States v Horton, 526 *801 F2d 884). It is "for the good of the community that their regular work should not be interrupted” (Rawlins v Georgia, 201 US 638; see, also, US Code, tit 28, § 1863, subd [b], par [6]). The same may be said for government employees, in New York State, particularly where the exclusion is from Grand Jury service, which normally lasts at least two and sometimes three or more months at a stretch.[3]
Similar considerations existed in Government of Canal Zone v Scott (502 F2d 566) where military exclusions were held to be not violative of cross-sectional considerations, and in Rawlins v Georgia (supra) in which nothing in the due process clause was found to prevent the express exclusion of doctors, ministers, preachers, dentists, and railroad firemen from jury lists. (See, also, Taylor v Louisiana, 419 US 522, 534.)
For the foregoing reasons, the motion is, in all respects, denied.

. Indeed, where a jurisdiction excluded government employees on those grounds, the presence of such a grand juror nullified the indictment (United States v Griffith, 2 F2d 925).

. Now known as the Judicial Conference.

. This factor, in addition to differing investigative functions, defeats defendant’s claim that there is no rational basis to apply the disqualification to grand, but not to petit jurors.