Joseph R. Corso, J.
This is a motion by defendants for an order pursuant to CPL 210.35 (subd 1) dismissing the indict *42 ment issued against them on the grounds that the Grand Jury which issued it was improperly constituted.
Defendants challenge the constitutionality of section 598 of the Judiciary Law on due process and equal protection grounds. That section reads, insofar as applicable, as follows: "Each of the following officers is disqualified to serve as a juror * * * No public officer or employee of the United States government, or of any state, city, or municipality, or of any political subdivision of any of them, or any official board, authority, council, commission, corporation, or other agency of any of them, receiving annual compensation in excess of one thousand dollars from the aforesaid sources, shall serve on any grand jury.”
There is a strong presumption that a statute duly enacted by the Legislature is constitutional (People v Pagnotta, 25 NY2d 333, 337). The burden of proving invalidity is upon those who challenge the constitutionality to establish this beyond a reasonable doubt (People v Scott, 26 NY2d 286; Fenster v Leary, 20 NY2d 309; Matter of Van Berkel v Power, 16 NY2d 37). The defendants here must show a "conscious, intentional discrimination” (People v Goodman, 31 NY2d 262, 268, rearg den 32 NY2d 705; People v Utica Daw’s Drug Co., 16 AD2d 12), as opposed to a deliberate and rational classificatory scheme. They must demonstrate how section 598 denies them any less protection than anyone else (People v Scafuri, 87 Misc 2d 797).
Defendants offer no plausible explanation how they have been singled out for unequal treatment, different from that afforded other defendants indicted in New York since the inception of the subject statute. The fact that neither defendant is a public employee makes it all the more unlikely that the mandate of the statute has an unequal impact upon them due to the exclusion of this group.
The language of the court in United States ex rel. Chestnut v Criminal Ct. of City of N. Y. (442 F2d 611, 617, cert den 404 US 856) is relevant here as to defendant’s equal protection claim: "the Second August 1964 Grand Jury was selected, so far as the record reveals, exactly as was every other grand jury that sat in New York County in 1964.”
Turning to the due process claim, it is necessary to determine whether section 598 of the Judiciary Law unjustifiably excludes public employees from serving as grand jurors. Mr. Justice Marshall in Peters v Kiff (407 US 493, 502) stated: "a *43 State cannot, consistent with due process, subject a defendant to indictment or trial by a jury that has been selected in an arbitrary and discriminating manner.”
Therefore, a statute excluding a class of individuals from Grand Jury selection will not pass constitutional muster unless it is predicated upon a rational and nondiscriminatory basis.
The question then is whether the exclusion mandated by section 598 is based upon a rational scheme or whether it excises, without justification, a portion of the community in such a way as to deprive the defendants of Grand Jury cross sectionality (cf. Taylor v Louisiana, 419 US 522).
Section 598 of the Judiciary Law was enacted in 1940 upon the recommendation of the New York State Judicial Council (now known as the Judicial Conference). The council’s comments to the then proposed statute state its purpose as follows: "although it is the practice not to place such persons on grand juries, specific provisions to that effect should be included in the law because of the quasi-judicial, quasi-prosecuting character of grand juries when investigating official corruption” (Sixth Ann Report of NY Judicial Council, 1940, p 208).
Defendants assert that there is no rational basis or compelling State interest in a statute which presumes that government employees as a class may be biased in official corruption cases when serving as a grand juror, but not when serving as a petit juror in the same cases. This court disagrees. "Whether or not this is wise or essential, rational people could surely entertain the broad underlying premise that those dependent upon government for substantial income might be unsuitably conflicted if they served as jurors.” (United States ex rel. Epton v Nenna, 318 F Supp 899, 904.)
Furthermore, the States are free to grant exemption from jury service to individuals engaged in particular occupations, the uninterrupted performance of which is critical to the community’s welfare (Taylor v Louisiana, supra, p 534; Rawlins v Georgia, 201 US 638; United States v Horton, 526 F2d 884). Grand Jury service "normally lasts at least two and sometimes three or more months at a stretch” (People v Scafuri, 87 Misc 2d 797, 801, supra).
It does not appear that exempting public employees from Grand Jury service poses substantial threats that the remaining pool of prospective grand jurors would not be representa *44 tive of the community (Carter v Jury Comm. of Greene County, 396 US 320; Brown v Allen, 344 US 443).
It is the time factor in addition to the differing functions between Grand Juries and petit juries which defeats defendants’ assertion that there is no rational basis to apply the exclusion to Grand Jury service, but not to petit jury service.
This court finds that section 598 of the Judiciary Law is constitutional.
Accordingly, defendants’ motion is denied.