OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, unanimously reversed, *358 without costs, and motion to vacate the subpoena duces tecum served upon Donald Middleton, Regional Director of the Department of Environmental Conservation, granted.
Defendants are charged with clamming in uncertified waters in violation of section 13-0309 (subd 1, par a) of the Environmental Conservation Law. Defendants sought to establish the defense of discriminatory enforcement, alleging in essence that although the clammers are being prosecuted criminally, the polluters of the environment are not. The court, at defendants’ request, issued subpoenas duces tecum on various governmental officials including appellant seeking information to substantiate their defense. Thereafter, the Attorney-General on behalf of the appellant and the other State officials moved to quash the subpoenas. The court below granted the motion, in part, and modified the subpoena served upon appellant.
Discriminatory enforcement as a defense to a criminal action derives from the Federal and State constitutional guarantee of equal protection of the law (US Const, 14th Arndt; NY Const, art I, § 11). The underlying concept is elemental, i.e., that persons similarly situated should be treated the same and that criminal justice should and must be equally dispensed (see People v Goodman, 31 NY2d 262; People v Utica Daw’s Drug Co., 16 AD2d 12). In the instant matter, it is clear that those persons polluting the environment and those taking clams from uncertified waters are in different classes. Accordingly, the defense is without merit and the motion to quash the subpoena should be granted.
Incidentally, we note that although this appeal arose out of a criminal matter, it is treated as an appeal from the civil side of the court below (cf. Matter of Cunningham v Nadjari, 39 NY2d 315).
Concur: Farley, P. J., Glickman and Silberman, JJ.