*193 OPINION OF THE COURT
Angelo Mauceri, J.
The defendant joined by the People requested a subpoena duces tecum demanding the Director of the State Department of Environmental Conservation to appear at a hearing with certain department records. A motion to quash the subpoena was denied by this court and an appeal was taken to the Appellate Term. The Appellate Term reversed the lower court and granted the motion to quash with the following statement: "In the instant matter, it is clear that those persons polluting the environment and those taking clams from uncertified waters are in different classes. Accordingly, the defense of [selective enforcement] is without merit and the motion to quash the subpoena should be granted”. (People v Catterson, 98 Misc 2d 357, 358.) That decision was not based on the totality of the hearing but came to the same conclusion reached by this court in its decision rendered on January 9, 1978. (People v Catterson, 92 Misc 2d 817.)
This court continued the hearing at the request of both the defendant and the People, who again joined in the application. Both parties denounced the action of the Director of the Department of Environmental Conservation for his refusal to appear and testify at the hearing concerning his policy and position on matters involving the case before the court. His refusal to appear before this court on such a grave matter which not only affects the livelihood of a substantial part of our populace but more important the health and welfare of our citizens, not to mention the unfettered (by criminal sanctions) pollution of our water resources. It was, and still is, this court’s position that a public official should not refuse to testify at any court hearing or trial where his decisional policies have been questioned not only by a defendant but by the chief law enforcement officer of a county, the District Attorney.
To allow this activity by public officials brings sharp images of Watergate, with its attendant distrust of the governmental department.
The hearing has been continued with both the defendant and People again joining in argument that this is not only selective enforcement but a classic case of a Director of the Department of Environmental Conservation by his policies, violating the due process clause of the Constitution. Although it would have been far more enlightening to have the director *194 testify, his affidavit in support of the motion to quash is available to this court. The affidavit clearly states the position and policies of the Director of the Department of Environmental Conservation. In that affidavit he states that the public has a right to know the policy. "A fair and complete assessment of the enforcement policy therefore necessitates consideration of all methods of enforcement, not just criminal”. Further, "The Department must proceed with criminal prosecution for violation of Articles 11 and 13 or take no action” and further, "It is the policy of the Department, consistent with the mandate of the Legislature, to abate pollution, not to collect fines or impose imprisonment for non-compliance. Criminal prosecution is generally reserved for those cases where other methods of compliance have failed or where, as in the case of illegal clamming, only criminal prosecution is available.”
"As Regional Director, I am fully in accord with the foregoing policy and I have requested that it be pursued by each Regional Attorney who has been assigned to Region One during my tenure.”
It is clear that the director has either misread the statute under which he derives his authority or has exceeded and abused his authority to set policy for the Department of Environmental Conservation.
Under ECL 71-0921, violation of ECL 13-0309 (taking shellfish from uncertified waters) is a misdemeanor. ECL 71-0519 deals with compromise of civil penalty. ECL 71-0519 allows a violator of provisions in titles 5 to 15 inclusive to settle his civil liability upon consent of the representative of the department. ECL 71-0519 (subd 5) states, "Such judgment shall be a bar to a criminal action for the same violation, if satisfied within thirty days from the date of entry thereof.” It would appear to be the legislative intent that in cases where there is civil and criminal liability, the department could settle for civil penalties in full satisfaction of the criminal liability.
ECL 71-0925, dealing with civil penalties, more specifically subdivision 7 deals with violation of ECL 13-0309 (subds 1, 2), which the defendants are hereby accused of violating. This appears to be another instance of legislative intent that civil penalties were either also to be imposed on clammers in lieu of criminal sanction.
ECL 71-0909 (subd 4), dealing with forfeitures, states — "If the defendant is held liable or found guilty in any prosecution, *195 civil or criminal, of the taking of shellfish in violation of subdivisions 1 or 2 of section 13-0309 or if the defendant shall effect a civil compromise of any action or cause of action in favor of the state arising out of such violation, the defendant’s interest in any and all rakes, tongs, dredges or devices other than a boat or vehicle, used for the purpose of taking shellfish in violation of such provisions shall be forefeited to the state.” Therefore, it would appear that the commissioner has made an error of law in interpreting his powers under the ECL by stating the department must proceed with criminal prosecution for violation of ECL article 13 or take no action.
"Even in some discretionary matters * * * if an official acts solely on grounds which misapprehend the legal rights of the parties, an otherwise unreviewable discretion may be subject to correction”. (Arenas v United States, 322 US 419, 432.) " '[A] law nondiscriminatory on its face may be grossly discriminatory in its operation.’ ” (Williams v Illinois, 399 US 235, 242.) Construction of law by an administrative agency is not conclusive upon the court. (Wisconsin Cent. R. R. Co. v Forsythe, 159 US 46; B. & O. R. R. Co. v United States, 298 US 349.)
The constitutional inhibition that no State shall deprive any person within its jurisdiction of the equal protection of the laws was designed to prevent any person or class from being singled out as a special subject of hostile or discriminatory legislation. (Pembina Min. Co. v Pennsylvania, 125 US 181.)
It is the opinion of this court that the commissioner has misinterpreted the enforcement powers of the ECL and by not offering the clammers the right to a civil compromise, at least in the first instance, and proceed criminally for habitual offenders, has in effect deprived the clammers, as a class, equal protection of the law and the matters are dismissed.