Arthur Moskoff, Esq. Town Attorney, Haverstraw
You have asked whether a condominium is a multiple dwelling as defined in Article 7A of the Real Property Law, which regulates the sale and use of portable kerosene heaters. Second, you ask whether the State has preempted the regulation of portable kerosene heaters, and if not, whether a town may prohibit their use in condominiums.
It is unlawful to use any portable kerosene heater in a multiple dwelling (Real Property Law, § 239-e). A multiple dwelling is defined as a dwelling which is either rented, leased, let or hired out as the residence of three or more families living independently of each other (id., § 239-a[2]). Since condominiums by common definition are owned (Real Property Law, § 339-h), they are not within the definition of multiple dwellings.
Under Article 7A, only those portable kerosene heaters meeting statutory standards may be used in a "structure" (id., §§ 239-a[7], 239-b). A "structure" is defined as a building of any kind, but not including multiple dwellings, a building under construction or buildings used only for agricultural purposes (id., § 239-a[1]). Condominiums fall within this definition of a structure.
You ask whether a town by local law may prohibit portable kerosene heaters in condominiums. The Real Property Law provides that nothing in Article 7A is to be construed "to permit the sale or use of any portable kerosene heater in any municipality in which such use or sale is restricted or prohibited by any general, special or local law or rule or regulation." (Id., § 239-g[2].) We believe that this language represents a clear legislative intent to authorize more stringent local regulation of the sale or use of portable kerosene heaters. A town, using its constitutional grant of the police power, may adopt such regulations (NY Const, Art IX, § 2[c][10]; Municipal Home Rule Law, §10[1][ii][a][12]).
The exercise of the police power is limited by the requirement that it be reasonable (People v Goodman, 31 N.Y.2d 262 [1972]). The test of reasonableness is whether the local enactment is reasonably related to a legitimate governmental purpose (ibid.). A legitimate governmental purpose is one which promotes the public health, safety and well being (French Inv. Co. v City of New York, 39 N.Y.2d 587 [1976], cert den429 U.S. 990 [1976]). A local law prohibiting the use of portable kerosene heaters in condominiums would be authorized upon a finding by the town board that the prohibition promotes the public health, safety and well being.
Enclosed is our informal opinion number 82-7, which discusses the adoption of local fire codes, acceptance of the State fire code and new requirements for fire safety applicable in the near future.
We conclude that a town may prohibit the use of portable kerosene heaters in condominiums.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.