Requestor: David Avstreih, Esq., Corporation Counsel City of Mount Vernon City Hall Roosevelt Square Mount Vernon, N.Y. 10550
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a city may require that automobile auctioneers acquire a permit in order to conduct business in the city. You have noted that section 23 of the General Business Law regulates some aspects of the business of automobile auctioneers.
Generally, under section 23 an automobile auctioneer may not sell a motor vehicle unless he has a valid certificate of title or proof of ownership; he must also disclose the identity of the individual transferring title; he must include in contracts of sale certain warranties of title and freedom from liens or encumbrances; he must keep records of transactions; and he must indicate certain prior uses of the vehicle. Upon a violation of section 23, an application may be made by the Attorney General in the name of the people of the State to a court for an order to enjoin and restrain the continuation of the violation. General Business Law § 23(9). A court may impose a civil penalty upon finding that a violation has occurred. Ibid. Additionally, a buyer injured by a violation of section 23 may bring an action in his own name to enjoin such unlawful practices and to recover damages. Id., § 23(10).
In our view, a city may enact a local law requiring that automobile auctioneers acquire permits subject to certain conditions, provided that the local law is not inconsistent with section 23 of the General Business Law. A city may enact the local law utilizing its authority to adopt local laws relating to the government, protection, order, conduct, safety, health and well-being of persons or property in the municipality. Municipal Home Rule Law § 10(1)(ii)(a)(12). This provision includes the power to adopt local laws providing for the regulation or licensing of occupations or businesses. Ibid.
We note that there are limitations on this grant of authority. A municipality may not adopt local laws: (1) which are inconsistent with the Constitution or general State laws; or (2) where the Legislature has expressed an intent to preempt local legislation with respect to a given subject. N.Y. Const, Art IX, § 2(c)(ii); Municipal Home Rule Law § 10(1)(ii); Consolidated Edison v Town of Red Hook, 60 N.Y.2d 99
(1983). Moreover, the local enactment must be reasonably related to a legitimate governmental purpose (People v Goodman, 31 N.Y.2d 262
[1972]); a legitimate governmental purpose is one which promotes the public health, safety and well-being (French Inv. Company v City of NewYork, 39 N.Y.2d 587, cert denied, 429 U.S. 990 [1976]).
Thus, upon a finding of need by the legislative body to further regulate automobile auctioneers in order to protect the health, safety and welfare, a local law providing for permits may be enacted. Such a local law may not be inconsistent with the provisions of section 23
of the General Business Law. A local law which provides additional protections to the public beyond those provided in section 23 would not be inconsistent. NYS Club Association v City of New York, 69 N.Y.2d 211,221-222; People v Cook, 34 N.Y.2d 100, 109 (1974). A city may provide for enforcement of these additional provisions and for revocation of permits upon determining that violations have occurred. Municipal Home Rule Law § 10(4).
We conclude that a municipality, consistent with section 23 of the General Business Law, may establish permit requirements for automobile auctioneers.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.