Requestor: Linda S. Kingsley, Esq., First Assistant Corporation Counsel City of Binghamton, City Hall Governmental Plaza Binghamton, N.Y. 13901-3775
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether members of the city council would have conflicts of interests in acting with respect to proposed legislation which would amend the city's electrical code and plumbing code to allow property owners to do electrical and plumbing work on their own property. You have explained that this amendment would include not just residential property or owner-occupied property but all residential and commercial property owned by that individual. The existing code requires that anything other than minor electrical or plumbing work be done by a licensed electrician or plumber.
You have indicated that several members of the city council own multiple parcels of property in the city, in addition to their personal residences. Further, you have stated that these individuals would benefit financially as landlords in that under the proposed amendment they would no longer be required to hire licensed electricians or plumbers. They could do the work themselves.
The development of ethics standards to define when employment or actions are in conflict with the official duties of a local government officer or employee has been left to the governing body of the municipality. General Municipal Law § 806(1). Municipalities are required to adopt a code of ethics, which must include these and other standards.Ibid. A code may provide for the prohibition of conduct in violation of ethics standards. Ibid. Also, local governments are authorized to establish boards of ethics, which may render advisory opinions to local officers and employees concerning compliance with standards established by the code of ethics. Id., § 808. Therefore, it is necessary that you review your local code of ethics to determine whether any provisions apply to the question at hand.
It is not necessary, however, that a specific provision of the General Municipal Law be violated in order to find a conflict of interests.Matter of Zagoreos v Conklin, 109 A.D.2d 281, 287 (2d Dept 1985); Matterof Conrad v Hinman, 122 Misc.2d 531, 534 (Sup Ct, Onondaga Co, 1984). The decisions of local boards have been set aside based upon a judicial finding of conflicts of interests of board members participating in the decisions. Ibid.; Taxpayers' Association v Town Board, 69 A.D.2d 32 (2d Dept 1979).
In opinions of the Attorney General, we have emphasized that public officials should avoid circumstances which compromise their ability to make impartial judgments solely in the public interest. 1984 Op Atty Gen (Inf) 86, 160. Even the appearance of impropriety should be avoided in order to maintain public confidence in government. Ibid.
In prior opinions of this office, we have found that a member of a local board should recuse herself or himself from participating in legislation or applications that would affect that individual's economic interests or those of his employer. Informal Opinions Nos. 90-48, 90-57. You have represented that several members of your council owning multiple parcels of property have an economic interest in the proposed legislation. The proposed amendment would no longer require that they hire a licensed electrician or plumber but would permit them as owners to do the work themselves. The question as to which council members, as a consequence of their property holdings will have a disqualifying conflict of interests in the proposal, is a factual one that must be locally determined. To what extent would a member realize a personal pecuniary benefit in the event the legislation is enacted that is beyond the benefit that any property owner would realize? Members with disqualifying interests should recuse themselves from consideration of and voting on such a matter, so that governmental decision-making is entirely in the public interest and to avoid appearances of impropriety.
You have also asked whether the proposed amendment is a proper exercise of the police power. Local governments are authorized to adopt local laws relating to the health, safety and well-being of persons or property in the local government. N.Y. Const, Art IX, § 2(c)(ii); Municipal Home Rule Law § 10(1)(ii)(a)(12); General City Law § 20(13). An exercise of the police power must be reasonably related to a governmental purpose. People v Goodman, 31 N.Y.2d 262 (1972). A legitimate governmental purpose is one that promotes the public health, safety and well-being of persons or property in the city. French Inv. Company v City of New York,39 N.Y.2d 587, cert denied, 429 U.S. 990 (1976).
We conclude that members of the city council with disqualifying conflicts of interests should recuse themselves from participating in proposed legislation which would amend the city's electrical code and plumbing code.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.