Requestor: John B. Nesbitt, Esq., Village Attorney Village of Sodus P.O. Box 226 Newark, N Y 14513
Written by: Siobhan S. Crary, Assistant Attorney General
You have asked whether the Village of Sodus may enforce its peddlers law with respect to insurance agents licensed by the State who sell insurance door-to-door within the village. You state that the requirement that door-to-door insurance vendors obtain a permit from the village is not an effort to locally superintend the insurance industry or its practices. The aim of the local law is to give a measure of protection to village residents and establish that insurance vendors operating within the village are indeed duly authorized to sell insurance. You note that the permit process creates a local record of the names of agents and the companies they represent so that village residents can verify the credentials of agents who call on them. The local law does not establish substantive requirements for determining who may be licensed to sell insurance or limit the number of permits that may be issued. Nor does it authorize the village to attempt to mediate disputes between agents and customers or regulate policy provisions.
Under the State Constitution, local governments, including villages, are authorized to adopt local laws relating to the health, safety and well-being of persons or property in the local government including the regulation or licensing of occupations or businesses. N Y Const, Art IX
§ 2(c)(ii)(12). This constitutes a broad delegation of police power to local governments.
There are limitations on this grant of authority. A municipality may not adopt local laws: (1) which are inconsistent with the Constitution or general State laws (Municipal Home Rule Law § 10[1][ii]; Consolidated Edison v Town of Red Hook, 60 N.Y.2d 99 [1983]; People v Cook, 34 N.Y.2d 100 [1974]); or (2) where the Legislature has expressed an intent to preempt local legislation with respect to a given subject (Consolidated Edison v Town of Red Hook, supra; People v DeJesus, 54 N.Y.2d 465 [1981]; People v Cook, supra; Robin v Incorporated Village of Hempstead, 30 N.Y.2d 347 [1972]).
Where State law expresses a design to occupy an entire field, a local law within that field would be prohibited. A desire to preempt may be deduced either from (1) a declaration of State policy by the Legislature; or (2) the fact that a comprehensive and detailed regulatory scheme in a particular area has been enacted by the Legislature. Incorporated Villageof Nyack v Daytop Village Inc., 78 N.Y.2d 500 (1981).
It is clear that the local law at issue here, requiring village licenses for door-to-door insurance vendors, is an exercise of local police power. The exercise of the police power is limited by the requirement that it be reasonable. People v Goodman, 31 N.Y.2d 262 (1972). Thus, the proposed local law must serve a legitimate public purpose by protecting the public health, safety and well-being of persons and property in the village. Ibid.; French Inv. Company v City of New York, 39 N.Y.2d 587,cert denied, 429 U.S. 990 (1976). It is within the province of the village government to establish that there is a need to license door-to-door vendors in the village and that the measures incorporated in the local law are reasonably designed to achieve this purpose.
Thus, localities have been provided the flexibility to draft regulations needed to license door-to-door vendors locally. In our view, the requirement that insurance agents as well as all other door-to-door vendors obtain a permit from the village is permissible provided that this permit requirement in no way affects the licensing procedures established by the State Insurance Law.
We believe that the requirement in the local law that insurance agents who wish to sell policies door-to-door be issued a village permit is not preempted by or inconsistent with State law. The agents must continue to be licensed in accordance with the provisions of the Insurance Law. The village permit apparently has a separate purpose — to ensure that only licensed agents sell insurance door-to-door in the village and that there is a local record verifying the agents' credentials. In delegating to localities the authority to license and regulate businesses and occupations, we believe the Legislature has delegated to local governments the authority to enact such local laws.
We conclude that a village may require insurance agents licensed by the State to obtain a permit to sell insurance door-to-door within the village. This opinion supersedes 1980 Op Atty Gen (Inf) 153.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.