**LISA'S PARTY CITY, INC. d/b/a Party City, and Gary Blum, Plaintiffs,**

v.

**TOWN OF HENRIETTA, Town of Henrietta Zoning Board of Appeals, Roger Gates, Andrew Malcolm, Jody Pulsifer, Robert Steidle, Valeri Schillinger, Patricia Larocca, Florin Sobolewski, and A. David Pirrello, Defendants.**

No. 96–CV–6155T.

United States District Court, W.D. New York.

April 26, 1998.

Glenn Pezzulo, Culley, Marks, Tanenbaum, Capell and Pezzulo, Rochester, NY, for Lisa's Party City, Inc., Gary R. Blum.

Thomas E. Lenweaver, Trevett, Lenweaver & VanStrydonck, P.C., Rochester, NY, for Town of Henrietta, Town of Henrietta Zoning Bd., Roger Gates, Andrew Malcolm,. Jody Pulsifer, Robert Steidle, Valeri Schillinger, Patricia Larocca, Florian Sobolewski, A. David Pirrello.

## DECISION and ORDER

TELESCA, District Judge.

### INTRODUCTION

Plaintiffs, Lisa's Party City, Inc. d/b/a Party City and Gary R. Blum, bring this action against the Town of Henrietta ("the Town"),

the Town Zoning Board of Appeals, and various individual defendants, alleging violations of both the Lanham Act 15 U.S.C. § 1121(b) and their civil rights pursuant to 42 U.S.C. § 1983 resulting from the Town's denial of their request for a sign permit variance for their store located in the Town of Henrietta. For the reasons which follow, defendants' motion for summary judgment is granted and the complaint is dismissed.

## BACKGROUND

Plaintiffs allege that defendants violated (1) their civil rights and (2) the Lanham Act by denying their application to install a sign on the exterior of their store which reads "Party City" in large multi-color letters and "The Discount Party Store" in small red letters to be located on their storefront in the Jay Scutti Plaza South in the Town of Henrietta, New York. Plaintiffs as franchisees of Party City, Inc. were denied permission to display a multi-color sign, "Party City" (which is a federally registered trademark of Party City, Inc.) pursuant to the Town's zoning ordinance which requires storefront signs in shopping plazas to be uniform in appearance and color.

The relevant portion of the Town Code adopted in 1991 provides that "[i]n shopping plazas, each individual store or other enterprise shall be permitted to have one (1) wall or roof sign.... The design and style of such individual signs shall be coordinated so as to create aesthetic uniformity within the plaza...." Henrietta Town Code § 97–8(2) (hereinafter the "Sign Ordinance"). The owner of the Jay Scutti Plaza South had selected the color red for all signs in its plaza in compliance with the uniformity requirement of the Town's Sign Ordinance.

Although plaintiffs were granted permission to erect an all-red sign currently in place on its storefront, they nonetheless applied to the Town of Henrietta Zoning Board of Appeals ("Zoning Board") for a variance to erect a multi-color sign in conformance with its registered trademark. That application was denied. Plaintiffs then sought to reverse that ruling by bringing a proceeding in New York State Supreme Court challenging the Zoning Board's refusal to grant their permit pursuant to Article 78 of the New York Civil Practice Laws and Rules. That proceeding was voluntarily withdrawn by the plaintiffs and this action followed on April 8, 1996.

Plaintiffs assert that their civil rights have been violated because they were denied equal protection of the laws due to unequal application of the Henrietta Town Code Sign Ordinance. Specifically, their argument is that other stores in the Jay Scutti South Plaza display multi-color signs yet their application for a multi-color sign was denied.

Plaintiffs also argue that the Town's actions violate the Lanham Act, 15 U.S.C. § 1121(b), which provides in pertinent part that "[n]o state ... or any political subdivision ... may require alteration of a registered trademark." Plaintiffs assert that the multi-colored feature of their sign is a registered trademark and requiring the sign to be all red, effectively alters their trademark in violation of the Lanham Act.

Defendants insist that the Town's Sign Ordinance does not violate § 1121(b) of the Lanham Act because it does not require the plaintiff to alter its trademark.

## DISCUSSION

Although defendants have styled the pending motion as a "motion to dismiss," the parties have submitted, and I have considered, matters outside the pleadings. Accordingly, I will consider the pending motion as a motion for summary judgment under Fed. R.Civ.P. 56. In order for summary judgment to be granted, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits must show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.Pro. 56(c). The movant must demonstrate that there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All inferences from facts in the record must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress &*

*Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

### *The Lanham Act Claim (15 U.S.C. § 1121(b))*

The parties do not dispute that a town, pursuant to its police powers, may impose sign restrictions to regulate aesthetics. *See People v. Goodman,* 31 N.Y.2d 262, 338 N.Y.S.2d 97, 290 N.E.2d 139 (1972). The issue presented is whether implementation of the Town's Sign Ordinance, which prohibits plaintiffs from erecting a sign with the multi-color letters which are part of plaintiffs' federally registered trademark, violates the Lanham Act. I find that it does not.

In a case directly on point, Judge Larimer found that the Town of Penfield's Sign Ordinance did not violate § 1121(b) of the Lanham Act even though it prevented plaintiff, Payless ShoeSource, Inc., from erecting a sign with the two colors (yellow and orange) that are part of Payless' federally registered trademark. *Payless ShoeSource, Inc. v. Town of Penfield et al.,* 934 F.Supp. 540 (W.D.N.Y.1996). Based on a thorough analysis of the legislative history of § 1121(b), Judge Larimer held that "[i]t is clear that the intent of § 1121(b) was not to interfere with uniform aesthetic zoning requirements that may indirectly affect a trademark, but was aimed only at prohibiting the actual alteration of a trademark." *Id.,* at 545.[1]

█ The application of the Town's sign ordinance has not altered plaintiffs' trademark by requiring it to be in a single color in conformity with all outdoor signs in that plaza. The Town of Henrietta is not preempted by § 1121(b) from enacting and enforcing a zoning regulation which restricts the use of color in exterior signs in shopping centers located in that Town even though the uniform color is incompatible with plaintiffs' registered mark. Section 1121(b) does not preempt local aesthetic zoning controls than

affect the display of federal trademarks on the exteriors of buildings located in shopping centers. I conclude that defendants have not required plaintiffs to alter their trademark in violation of 15 U.S.C. sec. 1121(b) and, therefore, dismiss plaintiffs' Lanham Act cause of action.

### *Civil Rights Claim (42 U.S.C. § 1983)*

Plaintiffs also allege that the Town's selective enforcement of the Sign Ordinance has violated plaintiffs' right to equal protection of law under the Fourteenth Amendment. In support of their claim, they argue that the Town's denial of plaintiffs' request for a multi-color sign permit was arbitrary and capricious and in violation of its civil rights under 42 U.S.C. § 1983.

As a preliminary matter, I note that the Court must always be "mindful of the general proscription that 'federal courts should not become zoning boards of appeal to review non-constitutional land-use determinations by the Circuit's many local legislative and administrative agencies.' " *Crowley v. Courville,* 76 F.3d 47, 52 (2nd Cir.1996), *quoting Zahra v. Town of Southold,* 48 F.3d 674, 679–80 (2nd Cir.1995).

Defendants argue that the Henrietta Sign Ordinance has been equally applied to all permit applicants. However, they acknowledge that the "Toys R Us" store in the same plaza has a multi-color sign, consistent with its registered mark, but explain that the permit was granted in 1987, when that store was freestanding and well before the current ordinance became effective on May 15, 1991. Therefore, the Toys R Us sign was "grandfathered" in under the original Ordinance. Defendants also acknowledge that a few stores (such as Discovery Zone) display signs with other colors, but those other colors only appear in small logos which, when lit at night, also appear red.

---

1. In a recent Ninth Circuit decision (2–1) a majority of the Court held in a similar situation that compelling a change in color which is part of a registered mark amounts to an alteration of the registered mark in violation of the Lanham Act § 1121(b). *Blockbuster Videos, Inc. v. City of Tempe,* 141 F.3d 1295 (9th Cir.1998). The facts, however, are different from those in the instant case. Moreover, the Court's interpretation of § 1121(b) would unduly restrict the authority of localities in adopting local ordinances affecting aesthetics. The reasoning of the dissent is more consistent with the cases dealing with this subject. The enactment of § 1121(b) was never intended to empower trademark holders to ignore and frustrate local zoning controls. *Id.* at 1304.

I find that the defendants' denial of plaintiffs' application for a multi-color sign permit did not violate the plaintiffs' civil rights to equal protection or substantive due process and, thus, plaintiffs' § 1983 claim must also be dismissed.

*Equal Protection*

Plaintiffs allege that the Town's Sign Ordinance was selectively enforced in an arbitrary and capricious manner, i.e. other stores in the Jay Scutti South Plaza were allowed to erect multi-colored signs while plaintiffs were denied the right to do so. Plaintiffs point specifically to the Toys R Us store, the Associates, Discovery Zone, and Pizzeria Uno. (The Court, along with counsel, visited the plaza and the environs on April 22, 1998.)

■ The Equal Protection clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). As the Second Circuit Court of Appeals has recognized, "selective enforcement is a 'murky corner of equal protection law in which there are surprisingly few cases.' " *Zahra v. Town of Southold, supra* at 683, quoting *LeClair v. Saunders,* 627 F.2d 606, 608 (2nd Cir.1980), *cert. denied* 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981). However, the Second Circuit has articulated a two-prong analysis for establishing a selective enforcement violation of the Equal Protection Clause. The plaintiff must show that

(1) the person, compared with others similarly situated, was selectively treated; and (2) ... such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.

*Crowley v. Courville, supra,* at 52–53, *citing LaTrieste Restaurant & Cabaret Inc. v. Village of Port Chester,* 40 F.3d 587, 590 (2nd Cir.1994).

■ I find that plaintiffs have failed to satisfy the first prong of the selective enforcement analysis because the examples of unequal treatment they cite do not involve "similarly situated" establishments.

Although the Discovery Zone and the Associates display small multi-colored logos on their signs, those signs nonetheless principally consist of uniform red lettering. The distinctive logos are very small in comparison to the size of the dominant all-red letters. Plaintiffs do not seek to erect a sign with large all-red letters and a small multi-colored logo. Instead, they seek permission to erect a sign that is predominately large, multi-colored letters. This is clearly not the same type of "variance" which plaintiffs claim was granted to the Discovery Zone or the Associates stores.[2]

Toys R Us is also not a "similarly situated" establishment. The Town issued the Toys R Us sign permit in October of 1987, when Toys R Us was a free-standing building which was well before the enactment of the current sign ordinance in 1991. (Pirrello Aff. at ¶ 16). The Jay Scutti Plaza was subsequently constructed around the Toys R Us store in approximately March of 1990. (Pirrello Aff. at ¶ 13). Thus, when the Toys R Us sign permit was issued, the sign ordinance at issue did not apply to it as a free-standing building. After the plaza was built, Toys R Us was "grandfathered in" as a pre-existing non-conforming sign.[3] The Pizzeria Uno is also a free-standing building which is not part of the plaza and, therefore, is not subject to the ordinance at issue.

"Absent a showing that others were treated differently, there is no claim for selective

---

2. Counsel for the Town assured the Court that no variance has been granted to the Associates for the multi-colored logo. The sign permit which was granted called for a sign with all-red letters without including the logo. The Town has not required the Associates to remove the multi-colored logo until the trademark and civil rights issues pending in this action are resolved.

3. During the Court's visit to the plaza with counsel, I noted that "Kids R Us", an affiliate of Toys R Us, also is a store in the Jay Scutti South Plaza. Their sign (which would normally be in multi-colored letters similar to Toys R Us) is in all-red letters since the Kids R Us store was built *as part of the plaza* and not as a free standing store as was Toys R Us and, therefore, was not "grandfathered in" as a pre-existing non-conforming sign.

enforcement." *Tara Circle, Inc. v. Bifano,* 1997 WL 399683, *12 (S.D.N.Y.1997), *citing Gagliardi v. Village of Pawling,* 18 F.3d 188, 193 (2nd Cir.1994). Thus, plaintiffs' § 1983 equal protection claim is dismissed since plaintiffs have failed to offer any evidence that defendants treated plaintiffs differently than any other similarly-situated establishment.

*Due Process*

Plaintiffs contend that they have a legitimate property interest in the use of their trademark which has been prohibited by the Town zoning officials' arbitrary actions in violation of their substantive due process rights.

To state a claim for a violation of substantive due process in the context of permits issued pursuant to zoning laws, a plaintiff must "(1) establish a valid property interest in a benefit entitled to constitutional protection, and (2) show that arbitrary and irrational zoning actions deprived plaintiffs of that benefit." *Tara Circle, Inc. v. Bifano, supra,* at *9, *citing Zahra v. Town of Southold, supra; Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); *Brady v. Town of Colchester,* 863 F.2d 205 (2nd Cir. 1988). A zoning board's actions can be characterized as arbitrary or irrational "only when the government acts with 'no legitimate reason for its decision.'" *Crowley v. Courville,* 76 F.3d 47, 52 (2nd Cir.1996) (internal citations omitted).

Plaintiffs' substantive due process claim fails to satisfy this standard. I find that the Town's actions were not "arbitrary or irrational" because the Town had a "legitimate reason for its decision." Henrietta's sign ordinance limits the permissible aesthetic characteristics of exterior signs in shopping centers but, in doing so, does not affect the marks themselves. Plaintiffs were not deprived of any property interest in their trademark, but were simply prohibited from using their choice of color when displaying it as a store-front sign. Nothing prevents them from free use of their trademark throughout their store and in their advertising. Plaintiffs were granted a permit to erect a sign in conformity with the uniform color to be used by all tenants of the Jay Scutti South Plaza. Plaintiffs were not denied substantive due process. They were not and are not treated differently from the other tenants.

Accordingly, plaintiffs' § 1983 claim is dismissed in its entirety.

*CONCLUSION*

Defendants' denial of plaintiffs' application for a sign permit variance was neither a violation of the Lanham Act nor a violation of the plaintiffs' civil rights. There are no genuine issues of material fact which would require trial and defendants are entitled to judgment as a matter of law. Accordingly, it is hereby

ORDERED that defendants' motion is granted and the complaint is dismissed in its entirety.

ALL OF THE ABOVE IS SO ORDERED.