*523 OPINION OF THE COURT
Memorandum.
Judgments of conviction of violating Islip Town Code §§ 68-40 and 68-41 unanimously modified on the law and as a matter of discretion in the interest of justice by vacating the sentence imposed and remanding the matter to the trial court for resentencing in accordance with the decision herein; as so modified, affirmed.
Judgment of conviction of violating Islip Town Code § 68-406 (B) unanimously reversed on the law and facts, accusatory instrument dismissed, and fine, if paid, remitted.
Defendant was charged in one accusatory instrument with violating section 68-41 of the Islip Town Code in that he violated the covenants and restrictions placed on the subject premises by removing trees and underbrush, and placing certain items listed in the accusatory instrument in the 50-foot buffer zone delineated in the covenants and restrictions. Defendant was charged in a second accusatory instrument of violating section 68-40 of said code in that he erected a shed on the premises without a certificate of occupancy therefor. Defendant was charged in a third accusatory instrument of erecting a fence higher than 4 feet and set back less than 15 feet from the street property line (Islip Town Code § 68-406 [B]). After reviewing the record, we find that although the fence in issue was higher than 4 feet, the People failed to establish beyond a reasonable doubt that it was located within 15 feet of the street property line. As to the other charges, we find that the evidence at trial was sufficient to establish defendant’s guilt beyond a reasonable doubt.
Although defendant may raise the issue of selective enforcement, said claim is not an affirmative defense to the charge of violating the zoning ordinance, to be determined together with the issue of guilt by the trier of fact, but, rather, should be addressed to the court as a motion to dismiss the accusatory instrument on constitutional grounds (People v Goodman, 31 NY2d 262, 268-269, rearg denied 32 NY2d 705; People v Utica Daw’s Drug Co., 16 AD2d 12, 15-16). Inasmuch as no such motion was made, defendant’s claim of selective enforcement was not properly before the court. In reaching this conclusion we note that defendant, if he be so advised, may raise said issue by a postjudgment motion pursuant to CPL 440.10 (1) (h) (see, People v Federico, 91 Misc 2d 131).
It is unclear whether defendant was sentenced separately for each conviction as statutorily required (CPL 380.20). Under *524 the circumstances, the matter should be remanded to the court below for resentencing on the remaining two convictions.
Floyd, P.J., Doyle and Winick, JJ., concur.