The People of the State of New York, Respondent,
against
Jose Rivas, Appellant.




Raneri, Light & O'Dell, PLLC (Dennis W. Light of counsel), for appellant.
Greenburgh Town Attorney's Office (Margaret C. Taglia of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Greenburgh, Westchester County (Delores Scott Brathwaite, J.), rendered March 1, 2018. The judgment convicted defendant, after a nonjury trial, of abandoning a vehicle, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with abandoning a vehicle in violation of Vehicle and Traffic Law § 1224 (7). Insofar as is relevant here, Vehicle and Traffic Law § 1224 (1) (a) defines an abandoned vehicle as one "left unattended with no number plates affixed thereto, for more than six hours on any highway or other public place" (Vehicle and Traffic Law § 1224 [1] [a]).
At a nonjury trial, defendant admitted to parking his motor vehicle on a 16-foot wide grassy strip of Town of Greenburgh land situated between the back of the curb of McLean Avenue and the fence of the abutting private property. Defendant acknowledged that his vehicle had front-end damage, was affixed with a Connecticut license plate registered to a different vehicle in order to deceive the police into thinking it was a properly registered vehicle, and had been parked in the same spot from at least January 24, 2015 through January 30, 2015. Following the trial, defendant was convicted of the charged offense.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find, contrary to defendant's sole contention with respect to the evidence, that it was legally sufficient to establish that his vehicle was abandoned in a "public place" (Vehicle and Traffic Law § 1224 [1] [a]).
Defendant's claim of selective enforcement of Vehicle and Traffic Law § 1224, in violation of his right to equal protection, is without merit (see People v Goodman, 31 NY2d 262, [*2]268 [1972]; People v Kleckner, 33 Misc 3d 1219[A], 2011 NY Slip Op 51981[U] [Crim Court, NY County 2011]). "The conscious exercise of some selectivity in enforcement of the law is not in itself a constitutional violation" (People v Goodman, 31 NY2d at 268; see People v Kleckner, 33 Misc 3d 1219[A], 2011 NY Slip Op 51981[U]). Defendant failed to show that "the law was not applied to others similarly situated" and "that the selective application of the law was deliberately based upon an impermissible standard such as race, religion or some other arbitrary classification" (Matter of 303 W. 42nd St. Corp. v Klein, 46 NY2d 686, 693 [1979]; see People v Blount, 90 NY2d 998, 999 [1997]).
Accordingly, the judgment of conviction is affirmed.
TOLBERT, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 09, 2019